Loyd and Another *v.* Marvin and Another.

A bond conditioned to indemnify the obligee and save him harmless from the operation of certain judgments, which were liens on land purchased by him, is a bond of indemnity against damages arising from the judgments.

In debt on the penal part of such bond, a plea (*oyer* of the condition having been given) of *non damnificatus* generally is good.

A replication to the plea in such case, that executions were issued on the judgments and levied on the land, and that the rents and profits thereof for seven years were offered for sale, does not show a breach of the condition of the bond, and is therefore insufficient.

APPEAL from the *Tippecanoe* Circuit Court.

DEWEY, J.—Debt upon the penal part of an obligation. *Oyer* having been granted, it appeared that the condition of the· bond, after reciting the purchase by the obligees (the plaintiffs below) from *Brown*, one of the defendants, of certain town-lots, which were incumbered by judgments against *Brown*, was, that "should said *Brown* indemnify the said *John* and *Allen Loyd* (the plaintiffs,) and save them perfectly free and harmless from the operation of said judgments, by virtue of the liens thereof, then the obligation to be void," &c. The defendants pleaded generally *non damnificatus*. The plaintiffs replied, that executions were issued upon the judgments and placed in the sheriff's hands, who levied them upon the town-lots purchased by the plaintiffs of *Brown*, advertised the lots for sale, and, on the appointed day, offered for sale the rents and profits thereof for seven years. A general demurrer to the replication was sustained, and final judgment rendered in favour of the defendants.

The correctness of this decision depends upon the real character of the bond given in *oyer*. If the condition be for the performance or non-performance of some specific act, as the extinguishment of the liens of the judgments, or that no executions should be levied upon the lots, the general plea of *non damnificatus* is not sufficient, *Holmes* v. *Rhodes*, 1 B. & P. 638; but if the bond be a mere bond of indemnity, that plea is allowable. 1 Will. Saund. 117, n.— *Coombs* v. *Newlon et al.*, 4 Blackf. 120, and note. We view it to be, in effect, a bond to save the plaintiffs harmless from all damages arising from the judgments mentioned in the condition. The plea, therefore, meets the case, and is a good bar. The replication is insufficient, because it fails to state any damages sustained by the plaintiffs. The issuing executions, levying them upon the lots, and offering the rents and profits for sale, were no injury to the plaintiffs. These acts did not disturb their possession, nor affect their title, any more than it was affected by the liens of the judgments, and if they were a violation of the bond, it was broken as soon as executed. We do not conceive that such was the intention of the parties. Had the lots been sold on the executions, or the plaintiffs had paid the judgments to prevent the

May Term, 1845.

LOYD
v.
MARVIN.

*Wednesday, July* 23.

sale, they would have had a good cause of action. As the matter stands, they cannot maintain the suit. The condition of the bond has not been broken.

*Per Curiam.*—The judgment is affirmed with costs.

*D. Mace*, for the appellants.

*J. Pettit*, for the appellees.