Nov. Term,
1857.

THE EAGLE
INSURANCE
COMPANY
v.
THE LAFAY-
ETTE INSUR-
ANCE CO.

</div>

## THE EAGLE INSURANCE COMPANY *v.* THE LAFAYETTE INSURANCE COMPANY.

Contracts of fire and marine insurance are contracts of indemnity.

Reassurance is a contract of indemnity, binding the reinsurer to pay to the reassured, the whole loss sustained in respect of the subject insured, to the extent of the reinsurance; but it is not necessary for the reassured to pay the loss to the first assured before proceeding against the reinsurer; nor is the liability of the latter, it seems, affected by the insolvency of the reassured, or his inability to fulfill his own contract with the first assured.

But where the reassured is not liable on the original policy, *semble,* that a recovery cannot be had against the reinsurer.

Where the original insurers have not adjusted the losses, and the case stands between them and the first assured upon the terms of the policy, &c., at the time the reinsurers are sued, the latter may make any defense which the original insurers could then make.

But the original insurers could not avail themselves in defense, of a clause in the first policy requiring suit to be brought within six months after loss: such a stipulation is void.

APPEAL from the *Tippecanoe* Circuit Court.

<div style="text-align: right">

*Tuesday,*
*November* 24.

</div>

PERKINS, J.—*The Lafayette Insurance Company* issued a policy of insurance to one *Smith,* whereby they assured him, to the amount of 900 dollars, against loss by fire. The policy was upon his house, &c.; run for one year; and contained a stipulation that suit should be brought on the policy, to recover for any loss, in six months from the happening thereof and not afterwards.

Subsequently, and within the year, said *Lafayette* company took from the *Eagle Insurance Company,* of *Cincinnati, Ohio,* a policy of insurance on the policy the former had issued to *Smith,* and running for its unexpired time,

whereby said *Eagle* company did "insure the *Lafayette Insurance Company* against loss or damage by fire, to the amount of 900 dollars on policy No. 20, running to *Matthias Smith;* the above risk being based upon and bounded by policy No. 20," &c. The policy continues, in the terms of ordinary policies of insurance, to its conclusion. The policies were both issued by an agent.

*Smith's* house, it is alleged, was destroyed by fire, and thereupon the *Lafayette Insurance Company* sued the *Eagle Insurance Company* on the policy of reassurance issued by the latter to the former.

A question was earnestly contested below as to the right of the agent to act in the premises in taking the contract of reinsurance, &c.; but it has been passed upon by a jury; and the state of the evidence would not, we think, under the rules uniformly adhered to by this Court as to setting aside verdicts, authorize us to disturb that in this case, on this point.

But the record does present embarrassing questions of law. The answer of the *Eagle* company, third paragraph, assuming that contracts of insurance are contracts of indemnity, and that the assured has no right to recover where he has suffered no damage, alleges that the original policy of the appellee contains a conventional limitation, by which it is provided that no suit against the company shall be sustainable unless commenced within six months after loss; that if any suit shall be commenced after the expiration of the time thus limited, the lapse of time shall be taken as conclusive evidence against the validity of the claim; that the only suit ever commenced against the appellee, on her original policy, by *Smith*, had been voluntarily dismissed by him, at his own costs, after the expiration of six months next ensuing the loss; that the appellee had not paid anything to *Smith*, on account of the policy to him, but wholly refused to do so; that more than six months had elapsed, after the loss, before the suit in this case was brought; and insisting upon the conventional limitation in bar of the suit. The sixth paragraph is in the nature of a plea of *non damnificatus.*

The Court below sustained demurrers to these para-
graphs of the answer, and instructed the jury, upon the
trial, that such defense was unavailing; and there was
judgment for the plaintiff. Were these rulings of the Cir-
cuit Court correct?

Contracts of insurance have ever been regarded as con-
tracts of indemnity. There does not seem to be any
conflict in the authorities upon this general proposition.
2 Smith's Lead. Cas. top p. 252.—*Murdock* v. *The Che-
nango, &c., Insurance Company*, 2 Comst. 210, and cases
there cited.

Contracts of fire and marine insurance must be con-
tracts of indemnity, or wagering contracts, which, in this
state, would be illegal. And to indemnify, means to se-
cure one from, or compensate one for, damages or loss that
may happen from a given act or event.

Upon this principle *Goodsall* v. *Boldero*, 9 East, 72, was
decided—a case subsequently recognized in *Bainbridge* v.
*Nelson*, 10 *id*. 344, and *Tunno* v. *Edwards*, 12 *id*. 493—and
in which it was held that "a creditor may insure the life
of his debtor to the extent of his debt; but such a con-
tract is substantially a contract of indemnity against the
loss of the debt; and therefore, if, after the death of the
debtor, his executors pay the debt to the creditor, the latter
cannot afterwards recover upon the policy."

The principle decided in *Goodsall* and *Boldero*, as appli-
cable to contracts of fire and marine insurance, has not,
so far as we are advised, been disputed in the *English*
Courts; but, as applicable to contracts of life insurance,
it has been held erroneous. In *Dalby* v. *The India and
London Life Assurance Company*, decided after much dis-
cussion and full consideration, in 1854, (28 Eng. L. and
Eq. R. 312), Baron PARKE, in delivering the opinion of
the Court, said: "Upon considering this case [*Goodsall*
v. *Boldero*], it is certain that Lord ELLENBOROUGH decided
it upon the assumption that a life policy was, in its nature,
a contract of indemnity, as policies on marine risks and
against fire undoubtedly are; and that the action was, in
point of law, founded on the supposed damnification occa-

Nov. Term, 1857.

THE EAGLE INSURANCE COMPANY
v.
THE LAFAYETTE INSURANCE Co.

sioned by the death of the debtor, existing at the time of the action brought; and his lordship relied upon the decision of Lord MANSFIELD, in *Hamilton* v. *Mendes*, 2 Burr. 1210, that the plaintiff's demand was for an indemnity only. Lord MANSFIELD was speaking of a policy against marine risks, which is in its terms a contract for indemnity only. But that is not of the nature of what is termed an assurance for life; it really is what it is on the face of it— a contract to pay a certain sum in the event of death," in consideration of the payment of a previous annuity. See, also, *St. John* v. *The American, &c., Insurance Co.*, 3 Kernan, 31.

If original contracts of fire and marine insurance are of indemnity, much more so, it seems to us, should those of reinsurance be held such; and, upon the general proposition that they are, the authorities all concur. *Hone et al.* v. *The Mutual, &c. Co.*, 1 Sandf. (N. Y.) R. 137.—*The Mutual, &c. Co.* v. *Hone et al.*, 2 Comst. 235.

The contract, then, being one of indemnity, it would seem that the reassured should only recover for actual loss sustained by such reassured. *Loyd et al.* v. *Marvin*, 7 Blackf. 464.—*Schooley* v. *Stoops et al.*, 4 Ind. R. 130.— *Lewis* v. *Richey*, 5 *id.* 152.—*Francis et al.* v. *Porter*, 7 *id.* 213.—*Tate* v. *Booe et al.*, May term, 1857. See, particularly, this latter case (1). But the *New York* Courts do not carry out the doctrine to this extent. They hold that "reassurance is a contract of indemnity to the reassured, and binds the reinsurer to pay to the reassured, the whole loss sustained in respect of the subject insured, to the extent for which he is reinsurer." But that "it is not necessary for the reassured to pay the loss to the first insured, before proceeding against the reinsurer. Nor is the liability of the latter affected by the insolvency of the reassured, or his inability to fulfill his own contract with the original insured." *Hone* v. *The Mutual, &c. Co., supra.* We have found no case, however, deciding that where the reassured is not liable upon the original policy, a recovery can be had against the reinsurer. Some *dicta* in the case last cited might seem to go that length; but they must be

interpreted and limited by the question there in discussion. If it were law that the reassured could recover in such case, the contract of reassurance would not be one of indemnity, and the doctrine laid down by Judge Story, in *The New York, &c. Insurance Co.* v. *The Protection Insurance Co.*, 1 Story's R. 458, would be incorrect. He says: "This is a case of reassurance, and nothing is clearer, upon principle and authority, than that, in such a case, the assurers are entitled to make the same defense, and to take the same objections which might be asserted by the original insurers in a writ upon the first policy." See, also, 3 Caines, 190. And, in determining what defenses might be made by the original insurers, we look at the case as it stands at the time when the reinsurers are sued, except as to the fact of payment by the original insurers. Where they have not paid nor adjusted the losses, and the case stands between them and the original assured upon the terms of the policy and the facts connected with the loss, at the time the reinsurers are sued, we think the reinsurers should be permitted to make every defense the original insurers could then make. Especially should it be so in this case; for by the terms of the policy of reinsurance, their liabilities are to be bounded in all things by the terms of the original policy. This incorporates into the policy of reinsurance, the six months limitation clause, as between the original and reinsurers.

We are cited to the case of *King* v. *The State Mutual Insurance Co.*, 7 Cush. 1, as in point; but we do not so regard it. That was the case of a mortgagee taking a policy upon the mortgaged property; a loss before the mortgage was paid; and a recovery upon the policy. A mortgagee has an insuperable interest in the property, and may well recover for a loss or diminution of that interest while his mortgage is subsisting. It is not like a contract of reinsurance upon a policy on which the reinsured himself is not liable, and hence, has no insurable interest. See *Carpenter* v. *The Providence, &c., Insurance Co.*, 16 Pet. 495. This, then, brings us to the question, could the original insurers, in a suit upon the first policy, avail themselves

Nov. Term,
1857.

THE EAGLE
INSURANCE
COMPANY
v.
THE LAFAY-
ETTE INSUR-
ANCE CO.

Nov. Term, 1857.

The Eagle Insurance Company
v.
The Lafayette Insurance Co.

in defense, of the clause requiring suit to be brought in six months? Is that a valid provision? Mr. Justice NELSON, of the Supreme Court of the *United States*, has decided that it is (*Cray* v. *The Hartford, &c., Insurance Co.*, 1 Blatch. 280); and Mr. Justice McLean, of the same Court, has decided that it is not. *French et al.* v. *Lafayette Insurance Co.*, 5 McLean, 461. There are cases bearing a remote analogy. This Court has decided that, in case of ordinary contracts, an agreement not to sue for a limited time, is no bar to a suit within that time (5 Blackf. 125); but that an agreement never to sue upon a then existing right of action, is good as a release. *Harvey* v. *Harvey*, 3 Ind. R. 473. It has also decided that, where there is no statute authorizing a judgment without stay of execution, a provision in a contract authorizing such judgment, will not be regarded in entering judgment. *Develin* v. *Wood*, 2 Ind. R. 102.—4 *id.* 239. It has also decided that where parties agree that, for a breach of contract, a certain sum named in the contract shall be liquidated damages, the same will be taken by the Court to be such. *Carpenter* v. *Lockhart*, 1 Ind. R. 434. And in *Grant* v. *The Lexington*, &c., this Court held that a stipulation in a policy of insurance limiting the time within which suit should be brought, could not be set up by the company in bar of a suit brought after that time, where their own acts had contributed to the delay in bringing the suit. 5 Ind. R. 23.

It is a legal maxim, that the agreement of the parties overrules the law. Broom's Leg. Max. 539. But this maxim is qualified by another, that the agreement of parties cannot render valid that which is against public policy, is in contravention of positive law, or "is unjust and deficient in respect to any matter which the law declares to be indispensable and not circumstantial merely. Broom, *supra.* It is not easy to see that the stipulation in question is against public policy, or unjust, or in conflict with any positive requirement of law. On the contrary, it is for the interest of the insurance companies and the public, that the exact condition, the precise extent of the liabilities of these companies, should be known. That such may be

the case, it is necessary that losses covered by policies shall be speedily adjusted and paid. Six months would seem to be long enough, a reasonable time, to enable the party sustaining loss to ascertain and present it to the company for payment, and to sue for it, if not paid. There is no positive law requiring him to wait six or twenty years. A party may relinquish or waive a legal provision operating for his benefit, where it is not against public policy to allow such waiver; and in these cases it would seem to be done upon a consideration. If insurance companies know they cannot be sued upon old, stale, disputed claims, after their witnesses may be beyond their reach, they can, and doubtless did in this case, insure at a lower rate. We incline to the opinion that the limitation clause is valid. It is a covenant never to sue after six months. But a majority of the Court think the case falls within the principle of *Develin* v. *Wood*, *supra*, and that the stipulation in question should be held void.

Such being the fact, the *Lafayette Insurance Company* remains liable to the insured, *Smith*, and the *New York* cases above quoted apply, and furnish the rule of decision.

*Per Curiam.*—The judgment is affirmed with 1 per cent. damages and costs.

*S. A. Huff*, *Z. Baird*, and *J. M. La Rue*, for the appellants.

*E. H. Brackett*, for the appellees (1).