DAVID BRADLEY & COMPANY, APPELLANT, V. FRED E. BROWN ET AL., APPELLEES.

FILED MAY 10, 1907. No. 14,615.

1. **Insurance: PRINCIPAL AND AGENT.** When an agent in the possession of goods has contracted to become absolutely and unconditionally liable to his principal, to the extent of this value, for their loss or damage by fire, and procures insurance upon them in his own name, such insurance is for his own exclusive benefit and advantage, and does not affect or add to his obligation to his principal upon his contract.

2. ———: ———. In a case like the foregoing, money due from an insurance company on account of a loss under its policy is not a trust fund for the benefit of the principal, but is an indebtedness to the agent, and is subject to his disposition and liable for his debts like other money and property belonging to his estate.

APPEAL from the district court for Boone county: JAMES N. PAUL, JUDGE. *Affirmed.*

*Flickinger Bros.* and *Needham & Doten,* for appellant.

*H. C. Vail, C. E. Spear* and *F. D. Williams, contra.*

AMES, C.

Fred E. Brown was a retail dealer in farm implements and machinery at Albion, Nebraska, where he owned and conducted a general store of such goods. In August, 1904, he received into his store building from the plaintiffs, David Bradley & Company, and as a part of his stock in trade, and to be disposed of and accounted for pursuant to a written contract between the parties, a considerable number or quantity of implements. The contract stipulated, in effect, that the goods should remain the property of Bradley & Company, and that Brown should sell them as their agent, retaining a specified compensation for his services, and contained the following paragraph: "In consideration of party of the first part (Bradley & Company) carrying said stock of goods subject to sale, and at

the expense of interest for value and special terms given, party of the second part agrees' to be fully responsible for all damage or loss by fire, or otherwise, to any and all goods shipped under this contract." Brown procured policies of fire upon the goods, which were destroyed by fire a short time afterwards, and later he was adjudged a bankrupt, and the defendant Spear was appointed trustee of his estate. This is a suit begun by Bradley & Company against Brown and the insurance companies to recover the amount of the loss. Spear, after the adjudication in bankruptcy, was substituted for Brown. The insurance companies do not resist payment, but have filed an answer in the nature of an interpleader, praying that the court determine to whom the money is owing. There is no dispute in regard to the facts which were settled by stipulation. The district court awarded the fund to the trustee, and the plaintiffs have appealed.

Each of the policies recited that it should protect property belonging to the insured, and that "held in trust by him, or on commission, for which he may be legally liable." It is not disputed that the property in question falls under this description, and counsel for plaintiffs contends for the application of the rule that, where an agent in the possession of personal property insures it against fire. the money due upon the policy after the loss belongs to his principal, who may recover it directly from the insurance company, and that if it is paid to the agent the latter holds it in trust, merely, for the benefit of the party ultimately entitled. Authorities to this effect are not wanting, and in our opinion are sound. *Snow v. Carr*, 61 Ala. 363; *Home Ins. Co. v. Baltimore Warehouse Co.*, 93 U. S. 527; *California Ins. Co. v. Union Compress Co.*, 133 U. S. 387; *Johnston v. Abresch*, 123 Wis. 130; *Stillwell v. Staples*, 19 N. Y. 401; 1 Wood, Fire Insurance (2d ed.), sec. 293; *Hyde v. Hartford Fire Ins. Co.*, 70 Neb. 503.

With the foregoing general proposition of law we understand counsel for the trustee to be also satisfied, but he contends that it is inapplicable to this case, for the reason

that, by the above quoted stipulation in the contract, Brown became himself an insurer of the goods against loss or damage by fire, and became instantly indebted for their value, upon the happening of the loss, irrespective of whether he had procured insurance upon them or not, and that the case is not like one where a debtor agrees to insure for the benefit of a mortgagee, or a factor for the benefit of his principal. The argument appears to us to be sound. The parties cannot be supposed to have contracted with a view to future insolvency. They had seen fit to fix their rights and obligations in event of a loss or damage by fire. Brown was bound to respond absolutely and unconditionally, and it follows, as it seems to us, that the insurance he procured upon the goods was for his own benefit and advantage exclusively. The moment the goods were destroyed by fire, the relation of principal and agent ceased, and that of debtor and creditor supervened. If he had not become bankrupt, and the insurance money had been paid to him, such payment would neither have created a trust fund in favor of the plaintiffs nor have affected the liability he had already incurred under the terms of the contract by the happening of the loss. The money would have been his, subject to his disposition, or to seizure for his debts, in like manner as other moneys and property of his estate, and he would have been liable to the plaintiffs upon his common law obligation of contract, as in other like cases. It is not doubted that the trustee stands in the shoes of Brown, or that his rights are measured by those of the latter, and we therefore recommend that the judgment of the district court be affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: The judgment of the district court is

AFFIRMED.

LETTON, J., concurring separately.

The contract between the plaintiff and the defendant Brown was, in effect, a contract of insurance. By its

terms Brown became absolutely liable upon the happening of a loss by fire to pay David Bradley & Company the value of the goods destroyed. When he insured these goods with the several insurance companies, he became, in effect, a reinsurer. He stood in the same relation to the owner of the goods and to the insurance company that the original insurer, if it reinsures, stands to the insured and to the reinsuring company. The principles of law governing this relation are well settled, and it is held by a majority of the courts passing upon the question that the liability of a reinsurer to pay the whole amount of the loss to the reinsured is not affected by the insolvency of the latter or his inability to fulfil his own contract with the original policy holder. It is said in *Goodrich & Hick's Appeal,* 109 Pa. St. 523 : "Reinsurance is properly applied to an insurance effected by one underwriter with another, the latter wholly or partially indemnifying the former against the risks which he has assumed; that is to say, after an insurance has been effected, the insurer may have the subject of insurance reinsured to him by some other. There is in such case, however, no privity between the original insured and the reinsurer; the latter is in no respect liable to the former, as a surety or otherwise, the contract of insurance and of reinsurance being totally distinct and disconnected. * * * Even if the insurer fail, or became insolvent, so that his insured receives only a dividend, however small, the reinsurer can gain nothing by this, but must pay the amount of the loss to the first insurer." Where an insurance company has written a policy and afterwards causes itself to be reinsured, and after the loss of the property insured such company becomes insolvent, the person originally insured has no equitable lien upon the sum of money due on the part of the reinsurer, but the fund belongs to all the creditors of the insolvent company ratably. *Herckenrath v. American Mut. Ins. Co.,* 3 Barb. Ch. (N. Y.) 63. See, also, *Blackstone v. Alemannia Fire Ins. Co.,* 56 N. Y. 104; *Consolidated R. E. & F. Ins. Co. v. Cashow,* 41 Md. 59; *Eagle*

*Ins. Co. v. Lafayette Ins. Co.*, 9 Ind. 443; *Delaware Ins. Co. v. Quaker City Ins. Co.*, 3 Grant Cas. (Pa.) 71; *Strong v. American Central Ins. Co.*, 4 Mo. App. 7.

These decisions seem to be supported by sound reason. The original insurer has an insurable interest in the property because, in case of its loss by fire, he is liable to pay the loss to the extent to which he has insured it. When a loss occurs, the relation between him and the insured is that of debtor and creditor. There is no privity between the insured and the reinsurer, and any sum recoverable by the insurer from the reinsurer is an asset of his estate, liable to the claims of his general creditors, and not subject to any specific lien or charge in favor of the insured.