### IN THE

## SUPREME COURT OF JUDICATURE

### OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1828, IN THE TWELFTH YEAR OF THE STATE.

---

### BERRY v. BATES.

*A.*, having a promissory note against *B.* which was due, promised him by parol and without consideration that he would not urge the payment until a certain future time. *Held*, that the promise was not obligatory.

An agreement under seal not to sue for a limited time, cannot be pleaded in bar as a release: the defendant must resort to his action on the agreement.

*Monday,*
*May 5.*

ERROR to the *Madison* Circuit Court.—*Bates* sued *Berry* before a justice of the peace on a promissory note, and obtained judgment. *Berry* appealed to the Circuit Court, and judgment was there rendered in favour of *Bates*.

SCOTT, J.—The defence set up on the trial below was, that on the third of *May*, 1827, after the note on which suit was brought had become due, *Berry* paid *Bates* a certain other debt of 30 dollars and upwards, and 2 dollars and 66 cents in part discharge of the note on which suit was brought; and *Bates* then agreed, that he would not urge the payment of the balance of the note until christmas following; and pledged his word and honour to that effect. The Circuit Court very correctly decided that *Bates* was not legally bound by that promise.

Even an agreement under seal, not to sue for a limited time, cannot be pleaded in bar as a release. The party, in that case, must resort to his action of covenant as his only remedy. 2 Salk. 573.—5 Bac. Abr. 683.—1 Esp. N. P. 244 (1). The reason of the rule applies more strongly in this case, where a mere verbal promise is set up to control a written instrument for the payment of money. The payment of another debt, and a part of that on which suit was brought, after the whole had become due, created no legal consideration for the promise of forbearance; and the promise being made without consideration was not legally binding. The plaintiff's pledge of honour for the performance of his promise does not alter the case, in a legal sense. He who relies on such security, must, when the pledge fails, abide the consequences; the law will not help him out.

*Per Curiam.*—The judgment is affirmed, with 5 *per cent.* damages and costs.

*Wick,* for the plaintiff.

*Fletcher* and *Brown,* for the defendant.

(1) Vide *Reed* v. *Shaw,* Vol. 1. of these Rep. 245, and note.