MENDENHALL and Another *v.* LENWELL.

An agreement under seal made by the holder of a promissory note with the maker, not to sue on the note for a limited time after the same became due, is no bar to a suit brought on the note before the expiration of the given time.

MENDENHALL
*v.*
LENWELL.

ERROR to the *Wayne* Circuit Court.

BLACKFORD, J.—*Lenwell* brought an action of debt against *G.* and *C. Mendenhall,* upon a promissory note for the payment of 434 dollars.

*Saturday,
May 25.*

The defendants, *inter alia,* pleaded two special pleas in bar, which are substantially the same. These pleas rely upon an agreement under seal, which, subsequently to the date of the note and about a month before it became due, was made by the plaintiff and *G. Mendenhall,* one of the defendants. The following is the substance of the agreement :

It was agreed that the plaintiff held two promissory notes, for 434 dollars each, against the defendants; that for the better securing the payment of these notes, *G. Mendenhall* agreed to assign to the plaintiff notes against divers persons to the amount of 868 dollars ; the parties agreed that the two notes against the defendants should be placed in the hands of a certain justice of the peace, and also that the notes to be assigned to the plaintiff should, for the purpose of collection, be delivered to the same justice ; the justice was to collect the money due on the assigned notes, indorse on the two notes against the defendants the money so collected, and pay the same to the plaintiff ; and if any of the assigned notes could not be collected, *G. Mendenhall* was to supply the deficiency.

The pleas aver, that *G. Mendenhall* assigned and delivered the notes to the justice, according to the agreement ; that the plaintiff has collected a part of the money before the justice ; and that it is not yet ascertained that any of those notes cannot be collected.

There is a general demurrer to these pleas, and judgment thereon for the plaintiff.

These pleas are no bar to the action. The most that the agreement on the part of the plaintiff can amount to, is, that he would receive the assigned notes as a collateral security

for the amount due him from the defendants ; that he would credit the defendants with whatever money could be collected on the assigned notes ; and that during the time necessary for the collection of those notes, he would not sue the defendants on the two notes which he held against them.

This covenant, to be a bar to the action, must be construed to be in the nature of a release. But it will not bear that construction. If it were a covenant never to sue the defendants on the two notes, it would have the effect of a release, on the principle of avoiding a multiplicity of suits. 5 Bac. Abr. 683.—*Berry* v. *Bates*, 2 Blackf. 118.—2 Will. Saund. 48, *note*. It is not, however, a covenant of that description. It is only an agreement not to sue for a limited time ; and the law is settled, that such an agreement is no bar to an action brought before the expiration of the given time. Damages may be recovered for a breach in such case, but the covenant cannot have the effect of a release. In a case where a judgment-creditor took a mortgage as a security, and agreed not to proceed on the judgment until the mortgaged property was disposed of, and then only in case of an unsatisfied balance,—the Court held that as the covenant was not perpetual, it did not amount to a release of the judgment. *Scriba* v. *Deanes*, 1 Brock. 166. This principle is also decided by the same Court in *Garnett* v. *Macon*, 2 Brock. 185.

The following case is very similar to the one before us : After some of the instalments of a bond were due, the parties agreed under seal, that the obligor should deliver to the obligee all the hops he should raise for five years ; and that two-thirds of the value of the hops delivered in each year should be indorsed on the bond till the same was paid ; and the remaining one-third should be paid in cash. Before the time for the delivery of the hops was expired, and before any default by the obligor, a suit was brought on the bond, and the agreement was pleaded in bar. The Court held, on demurrer to the plea, that if it were admitted that the plaintiff was to receive payment in hops as stated in the plea, and in the mean time was not to sue on the bond, the agreement was no bar to a suit brought in violation of its terms ; but that the defendant's only remedy was an action for the

breach of the agreement. *Chandler* v. *Herrick*, 19 Johns. 129.

May Term, 1839.

These authorities sustain the decision of the Circuit Court, that the pleas under consideration are bad.

After these pleas were adjudged to be insufficient, the cause was submitted to the Circuit Court upon the general issue and some special pleas in bar ; and a judgment was rendered in favour of the plaintiff for the amount of the note described in the declaration, with interest. The evidence is set out in the record, and shows that the judgment is correct, with the exception that the defendants are not credited with the money collected by the justice on the assigned notes. That objection, however, is obviated by an agreement of the parties.

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs.

*J. B. Ray* and *M. M. Ray*, for the plaintiffs.

*J. S. Newman*, for the defendant.

