*J. Pitcher*, for the plaintiff.

*S. Yandes*, for the defendants.

---

### CLARK and Others *v.* SNELLING.

A plea that the note sued on was given for the purchase-money of land conveyed with a covenant against incumbrances, must show that the defendant was evicted in consequence of such incumbrances, or that payment of them was made by him.

An agreement made by the holder of a promissory note, not to sue on the note for a limited time, is no bar to a suit brought before the expiration of the given time.

*Thursday,
June 7.*

ERROR to the *Decatur* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit, commenced in *May*, 1845, by *Anthony Snelling* against *Woodson Clark, Cavil Clark*, and *Richard Clark*. The suit is founded on a note, dated the 13th of *January*, 1844, for the payment of 403 dollars in current paper of *Indiana*.

The defendants pleaded three pleas, on the first and third of which there were issues of fact. The second plea was specially demurred to, and the demurrer sustained.

The issues of fact were tried by the Court, and judgment rendered for the plaintiff.

The defendants bring the cause here, and contend that the demurrer to the second plea ought not to have been sustained.

The second plea is substantially as follows:

That the note sued on was given in consideration of the sale, by the plaintiff, to *Woodson Clark*, one of the defendants, of a certain tract of land; that, on the day the note was given, the plaintiff executed to said *Woodson Clark* a deed in fee-simple for the land, with covenants against incumbrances and of warranty; that the plaintiff's title to the land was derived from the will of his father, *William Snelling*, deceased; that the testator left no property for the payment of his debts except said land; that, at the time of his death, the testator was indebted, by bond, to one *Benjamin Snelling* in the sum of 4,000 dollars, which debt was a claim against said land; and that a suit, brought by the obligee against the personal representative of the testator for the recovery of that debt, was then pending. The plea further states, that after the commencement of said suit by *Benjamin Snelling*, it was agreed between the now plaintiff and said *Woodson Clark* in writing, and for a valid consideration, that the now plaintiff should forbear to sue on the note on which the present suit is founded, until said suit of *Benjamin Snelling's* was determined.

We think this plea is defective in substance. The first part of the plea relates to the consideration of the note sued on. The conveyance of the land for which the note was given contains a covenant against incumbrances, and the plea relies on a breach of that covenant. Supposing the existence of the debt due by the testator to be, as an incumbrance, a breach of the covenant, such breach cannot, under the circumstances, affect the present suit. The plea does not allege an eviction in consequence of the debt, nor does it allege a payment of any part of the debt (1). The defendant, at most, according to his plea, has a claim to nominal damages for the breach complained of; and such claim is no defence to a suit for the price of the land. *Whisler* v. *Hicks*, 5 Blackf. 100.— *Smith et al.* v. *Ackerman*, id. 541.—*Buell* v. *Tate*, 7 id. 55.— *Pomeroy* v. *Burnett*, 8 id. 142.

The other part of the plea, which states the plaintiff's agreement not to sue until the determination of a certain

*May Term, 1849.*

CLARK
v.
SNELLING.

suit then pending, is no defence. If the plaintiff, for a valid consideration, had covenanted never to sue on the note, the covenant would have been a bar to the suit. But the agreement here pleaded is to forbear to sue only for a limited time, and it has been frequently held that the suit is not barred by such an agreement. *Mendenhall et al.* v. *Lenwell*, 5 Blackf. 125.——*Lowe et al.* v. *Blair et al.*, 6 id. 282.——*Thimbleby* v. *Barron*, 3 Mees. & Welsb. 210.

*Per Curiam.*——The judgment is affirmed with 5 *per cent.* damages and costs.

*C. H. Test* and *G. H. Dunn*, for the plaintiffs.

*A. Davison*, for the defendant.

(1) See *Streeter* v. *Henley*, post.