THALMAN and Another *v.* BARBOUR and Others.

An agreement of the holder of a promissory note not to sue on the note for a limited time, is no bar to a suit brought before such time has elapsed.

Where the general issue and a special plea have been filed, and the defence set up in the special plea is admissible in evidence under the general issue, the judgment will not be reversed because a demurrer to the special plea was erroneously sustained.

The statute of 1843 requiring non-resident plaintiffs to give security for costs, was not intended to apply when either of the plaintiffs was a resident of the state.

ERROR to the *Marion* Circuit Court.

DAVISON, J.—*Barbour*, *Shaw* and *Buell* sued *Thalman*

and *Evans* in assumpsit upon a note for the payment of
2,000 dollars. The general issue and four special pleas
were pleaded. The second, third and fourth led to issues
of fact. To the fifth a demurrer was sustained. The
cause was submitted to the Court for trial upon the issues
of fact. The Court found for the plaintiffs, and judgment
was given on the finding of the Court.

The fifth plea alleges that after the execution of the
note sued on, the defendants assigned to the plaintiffs a
title-bond for a certain lot in the city of *Indianapolis*, valued
at 1,800 dollars; and that, in consideration therefor, the
plaintiffs agreed that no suit should be brought on said
note until after the 12th of *April*, 1853, &c.

An agreement made by the holder of a promissory note
not to sue on the note for a limited time, is no bar to a suit
brought before the expiration of the given time. 5 Blackf.
125.—6 *id*. 282.—1 Ind. R. 382. The demurrer to the fifth
plea was correctly sustained.

But if the ruling of the Court, in that respect, was
erroneous, that error would not be sufficient to reverse the
judgment. Suppose the defence set up by the fifth plea to
have been valid, it would have been admissible under the
general issue. 8 Blackf. 41.

After the issues in the cause were made, the defendants
filed their affidavit, alleging that *Lucius Barbour*, one of
the plaintiffs, was, at the time of the commencement of
the suit, a non-resident; and thereupon moved for a rule
against the plaintiffs to give security for costs. This
motion was overruled. The statute provides that "plain-
tiffs who are not residents of this state," shall give security
for costs. R. S. 1843, p. 675. The reason and spirit of
the act do not apply to the case before us. The object of
the enactment is, that a defendant shall not be put to
answer an action, until his costs are secured by some
person residing within the state. Two of the plaintiffs in
this case are residents, and liable for all the costs adjudged
to the defendants. We think the motion was rightly over-
ruled.

*Per Curiam.*—The judgment is affirmed, with 2 per cent. damages and costs.

*R. L. Walpole,* for the plaintiffs.

*D. McDonald, W. A. McKenzie* and *W. Henderson,* for the defendants.