## NEWKIRK and Another *v.* NEILD.

Where the holder of a note, which is past due, for a new and valuable consideration received by him, agrees to forbear to bring suit upon the note, for a reasonable time thereafter, and violates such agreement, such breach can not be made available by way of counterclaim.

APPEAL from the *Floyd* Common Pleas.

WORDEN, J.—Action by *Neild* against the appellants, upon a promissory note.

The defendants filed an answer of four paragraphs, to three of which a demurrer was sustained. Issue on the other paragraph; trial; finding and judgment for the plaintiff.

The case comes before us on the ruling of the Court sustaining the demurrer to the three paragraphs of the answer. These paragraphs need not be here copied, as the questions presented by them are properly stated in the following excerpt from the brief of counsel for the appellants. "The questions intended to be raised by these pleadings are: Whether, after a note has become due, an agreement between the parties for a new and valuable consideration received by the payee, that the latter will forbear to bring suit upon it for a reasonable time thereafter, can be made available either as a plea in abatement or in bar, in an action upon the note, or by way of counterclaim?" The counsel for the appellants do not contend that the matter can be made available in abatement or bar. That it can not, would seem to be settled by the following cases in this Court. *Mendenhall* v. *Lenwell*, 5 Blackf. 125. *Clark* v. *Snelling*, 1 Ind. 382. *Thalman* v. *Barbour*, 5 *Id*. 178.

But, as is well remarked by counsel for the appellants, these decisions are not based upon the proposition that such an agreement is *invalid*, or that it is wholly *nugatory*, but upon the ground that it is an *independent contract*. Therefore, if broken, an action may be maintained upon it, although its breach is not an answer to a complaint upon the note. Hence, it is insisted, that inasmuch as a breach of the agreement furnishes a right of action, it can be made available as a defense, by way of counterclaim, to a suit upon the note.

But we are of opinion that such defense can not be made available by way of counterclaim. Admitting that such matter arises out of, or is connected with the cause of action, and might be the subject of an action in favor of the defendant, so as to come within the definition of a counterclaim, still there was no breach of contract, or such right of action, at the time of the commencement of the suit.

Where the bringing of an action is the breach of an

agreement, but where such breach is no bar to the action, it seems to us that such breach is no defense by way of counterclaim, as no such defense existed at the time the suit was brought. But were this not so, there is another reason why the judgment in this case must be affirmed. The facts set up entitle the defendants, at most, to but nominal damages. The substantial damages for a breach of such an agreement would be the enforcement of collection before the stipulated time. The simple commencement of a suit would, to be sure, be a technical breach of the agreement not to sue; but until such suit was prosecuted to final judgment, the damages could be but nominal, and for nominal damages a judgment will not be reversed. *Tate* v. *Bove,* 9 Ind. 13.

The judgment below is affirmed, with costs, and one per cent. damages.

*Thomas L. Smith* and *M. C. Kerr,* for the appellants.
*J.* and *A. B. Collins,* for the appellee.