Irons and Another *v.* Woodfill and Another.

CONTRACT.— *Covenant to Forbear.*—*Breach of.*—A covenant or agreement to forbear to sue on an obligation for a limited time after maturity of such obligation, though founded on a sufficient consideration, cannot be pleaded as a release, or in bar of an action on such obligation brought within the time limited. In such case, the defendant sued is left to his action for a breach of the covenant or agreement.

APPEAL from the Hendricks Circuit Court.

This was an action, commenced February 20th, 1868, by the appellees, as assignees, against the appellants, on a promissory note, executed by the latter to one Samuel Little, on the 4th day of January, 1865, for seven hundred dollars, due one day after date. The note is indorsed as follows:

"Home, December 9th, 1865, interest paid on the within note up to Nov. 9th, 1867, and the same not to be collected within that time, unless agreed upon by both parties. I assign the within note, without recourse. SAMUEL LITTLE."

The appellants filed an answer, alleging, that at the time of the assignment of the note to the plaintiffs, it was agreed and made an express condition of said assignment, "that said plaintiffs should forbear to collect said note and the amount thereof for two years from the date of said assignment;" that the same was assigned by said Little in part payment for land purchased by him of said Susannah Woodfill, and pursuant to an agreement made between the plaintiffs, the defendant, and said Little, the plaintiffs accepted said note as the last payment on said land, "with the express condition on the part of said parties that said note should not become due or payable until the 9th day of November, 1869, at which time the defendants agreed to pay said plaintiffs ten per cent. per annum as interest on said note from said 9th day of November, 1867; that the defendants paid to said Little at that date the interest then due, at the rate of ten per cent. per annum, and the same was assigned to the plaintiffs at the estimated value of eight

hundred and forty dollars, two years from date, and so accepted upon the express condition aforesaid; wherefore," &c.

A demurrer to the answer, on the ground that it does not state facts sufficient to constitute a defense, was sustained. To this ruling the defendants excepted; and on their refusal to answer further, judgment was rendered for the plaintiffs.

Is the answer good? This is the only question in the case.

ELLIOTT, J.—It is difficult to determine from the answer the precise nature and terms of the agreement set up to defeat the action.

The averments are indefinite, uncertain, and apparently contradictory. It is alleged that the agreement was made at the time of the assignment, and that it was then agreed that the plaintiffs should forbear to collect the note for two years from that date.

If the assignment is presumed to have been made at the date of the indorsement on the note by Little—December 9th, 1865—then the two years had expired long before the commencement of the suit; besides, it appears by the indorsement that the interest was paid, at that date, to the 9th November, 1867.

If the assignment was not made at the date of the indorsement, then it is without date. It is alleged in the answer that the defendants paid the interest due on the note to the date of the assignment, at the rate of ten per cent. per annum. The note only bore interest at the rate of six per cent., and such payment, if made, at the rate of ten per cent., might constitute a consideration for the agreement; but it is alleged in another part of the answer, that the two years forbearance, under the agreement, would expire on the 9th of November, 1869, and if so, to make the averments consistent with each other, the assignment must have been made on the 9th of November, 1867; but the indorsement on the note shows that the interest to that date had been paid in December, 1865; and hence no back interest

had then accrued. But, assuming that the answer shows a valid agreement by the plaintiffs to forbear to sue on the note until the 9th of November, 1869, still the demurrer to it was properly sustained.

It has been repeatedly held, in this State and elsewhere, that a covenant or agreement to forbear to sue on an obligation for a limited time after due, though founded on a sufficient consideration, cannot be pleaded as a release, or in bar of an action brought within the time. In such case, the defendant sued is left to his action for a breach of the covenant or agreement. *Reed* v. *Shaw*, 1 Blackf. 245, and note; *Berry* v. *Bates*, 2 Blackf. 118, and cases cited; *Harbert* v. *Dumont*, 3 Ind. 346. It was held in the case last cited, that such an agreement made by the principal debtor, without the knowledge or consent of the surety, discharged the latter, on the ground that such an agreement fetters the discretion of the creditor, because if he breaks it he may be sued for damages, and reference is made to *Thimbleby* v. *Barron*, 3 M. & W. 210, where the question is more fully discussed. See, also, *Dickerson* v. *The Board of Co. Com'rs*, 6 Ind. 128, and *Owen* v. *Homan*, 3 Eng. L. and Eq. 112, 122–3.

The judgment is affirmed, with costs and five per cent. damages.

*L. M. Campbell*, for appellants.

*C. C. Nave*, for appellees.