STOCKTON *v.* STOCKTON, JR., ET AL.

PROMISSORY NOTE.—*Release of Surety.*—*Pleading.*—To a suit on a joint promissory note for twenty-four hundred dollars, a surety thereon answered, that before the maturity of the note, the plaintiff released him from all liability thereon, in consideration of an order given by him on two other defendants, on his own funds, for five hundred dollars, which order was accepted by them. *Held,* that this constituted a defence as to said surety, and as the order was not the foundation of the defence, it was not necessary that a copy of it should be given with the answer.

SAME.—*Effect on Other Joint Sureties.*—An answer by the other sureties set up the release of the first as a discharge of them. *Held,* that this was a complete defence.

PRACTICE.—*Special Finding.*—*Motion for Judgment.*—Answers of the jury to interrogatories will not enable this court to decide the question whether or not the verdict is supported by the evidence. If such special findings are inconsistent with the general verdict, a motion must be made for judgment on the special findings. A motion for a new trial on the ground of the insufficiency of the evidence will not save this question; nor will a motion for a new trial on the ground that the verdict is contrary to law reserve the point.

APPEAL from the Tippecanoe Common Pleas.

DOWNEY, J.—Upon an examination of the record in this case, we have found it to be an action brought by Charles L. Stockton, the appellant, against Lawrence B. Stockton, Jr., Martin V. Stockton, Richard A. Moore, and William S. Stockton upon a promissory note executed by the defendants to the plaintiff for the payment of two thousand four hundred dollars, dated September 2d, 1867, and due twelve months after date.

All the defendants, except Lawrence B. Stockton, Jr., answered, and issues were formed upon the answers. There was a trial by jury, and a general verdict in favor of the defendants who answered, with answers to certain interrogatories, a motion for a new trial, made by the plaintiff, overruled, and judgment rendered in favor of these defendants. Lawrence B. Stockton, Jr., made default, and there was judgment against him for the amount of the note. The plaintiff appealed from the judgment in favor of the other

defendants. The errors which are assigned by him are, first, the overruling of the demurrer of the plaintiff to the second paragraph of the answer filed by the defendant Richard A. Moore; second, the overruling of his demurrer to the fourth paragraph of the answer which was filed by the defendants Martin V. Stockton and William S. Stockton; third, the overruling of the plaintiff's motion for a new trial. We will examine these alleged errors in their regular order.

The answer of Richard A. Moore states that he and William and Martin were sureties for said Lawrence, and that he admits the execution of said note, but says that in consideration of said defendant's giving to the plaintiff an order for five hundred dollars on the defendants Martin and William, which order was drawn on his separate funds, and which they accepted, said plaintiff agreed with the defendant to, and did, forever discharge said defendant from any and all liability on said note sued on, which was not yet due, and one certain other note for eight hundred dollars.

We are unable to see any objection to this paragraph of the answer. The giving of the order was a sufficient consideration for the discharge or release of the defendant Moore. It is true that it was an order on, and was accepted by, two others of the defendants, but we do not see why this should be considered as any objection to it as a consideration. It is urged by counsel for the appellant that, although it is shown that the order was given before the maturity of the note, it is not shown that it was payable before the maturity of the note, and that the case is, therefore, like the case of an agreement to release a party from liability upon a matured note by the payment of a part only of the amount. Perhaps we ought to presume that the order was payable on presentment. At all events, it is the giving of the order, and not the payment of it, which is alleged to have been the consideration of the release. It is expressly stated in the paragraph in question that it was given before the maturity of the note on which the action is brought.

It is further objected to the paragraph in question that it

is bad for the reason that the order referred to, or a copy of it, should have been filed with the answer, and several cases, decided by this court, are cited in support of the position. We think this position cannot be maintained. The defence is not based on the contract contained in the order, but is based upon the agreement of the plaintiff to release the defendant, the consideration for which the order was given. It is only where the pleading is founded on a written instrument that the instrument, or a copy of it, must be filed with the pleading. 2 G. & H. 104, sec. 78.

The order contains no agreement on the part of the plaintiff, but it was simply a request on the part of the defendant Moore to the drawees of the order that they would pay to the plaintiff the amount of money mentioned therein.

The fourth paragraph of the answer, which is pleaded by Martin Stockton and William Stockton, admits the execution of the note on which the action is brought, and alleges that they, with said Moore, executed the same as sureties of said Lawrence B. Stockton, Jr., who was the principal therein; that after the execution of the said note, and before the maturity thereof, the said Richard A. Moore, the co-surety of these defendants on said note, executed an order for five hundred dollars, drawn on his, said Moore's, own funds, and directed to said Martin and William, which order was accepted by said Martin; and the plaintiff agreed, in consideration thereof, to release and discharge said Richard A. Moore from all liability on the said note, on which the suit is brought, as well as a certain other note for eight hundred dollars; wherefore, these defendants say that by reason of the discharge of their co-surety, Richard, they are discharged from liability on said note.

If we are right in holding that the second paragraph of the answer which is pleaded by Moore is good it must follow that this paragraph also is good; for it is a familiar principle of law, that the release or discharge, by the agreement of the payee, of one or more of several joint debtors is a release of all the others. *Aylesworth* v. *Brown,* 31 Ind. 270.

The note on which the suit was brought in this case is a joint note, and not several, or joint and several.

It is next insisted that the court should have granted a new trial because of the insufficiency of the evidence. The evidence is not in the record, but counsel for the appellant say that the special findings contain all the material facts which were in issue, and they then proceed to argue that the special findings of the jury are inconsistent with the general verdict, and that for this reason the court should have granted the new trial. We cannot concede the correctness of this position. When the question is made before this court as to the correctness of the ruling of the inferior court in refusing a new trial on account of the insufficiency of the evidence to justify the verdict, the evidence, and all the evidence, must be in the record, or we cannot decide the question. The findings of the jury, in answer to interrogatories propounded to them, cannot be used as, or in lieu of, the evidence, to show the insufficiency of the evidence to justify the general verdict. If it be supposed that the special findings of the jury are inconsistent with the general verdict, the proper mode of presenting that question is to move, in the court below, for judgment on the special findings. Then, if the special findings are clearly inconsistent with the general verdict, it is the duty of that court to be governed by the special findings, and render the judgment in accordance with them, disregarding the general verdict. If the court refuse such motion, the party making it can except, and on appeal assign this ruling for error. But the question cannot be presented by a motion in the court below for a new trial, and the assignment of the overruling of that motion as error in this court.

But it is further urged that the general verdict is contrary to law, upon the facts found, because it is inconsistent with the special findings, and that, as one reason for a new trial was that the verdict was contrary to law, the court should have granted the new trial for this reason. We think that the inconsistency of the special findings with the general

verdict is not what is meant by the verdict's being contrary to law. We make this ruling in view of the cases cited by counsel for appellant. *Bosseker* v. *Cramer*, 18 Ind. 44, and *Smith* v. *Jeffries*, 25 Ind. 376, we think do not meet the point.

The judgment is affirmed, with costs.

*H. W. Chase* and *J. A. Wilstach*, for appellant.

