# IN GENERAL TERM, 1873.

THOMAS HUGGINS *v.* SAMUEL TINSMAN AND SUSAN TINSMAN, Appellants.

PROMISSORY NOTE—*extension of payment*—
FORECLOSURE—*attorneys fees in*—
ATTORNEYS FEES.

An agreement to forbear to sue, or to extend the time of payment of an obligation for a limited time, though founded on a sufficient consideration, cannot be pleaded as a release or bar of an action on such obligation, brought within the time limited. In such case the defendant is left to his action for a breach of the agreement.

Where an agreement to extend the time of payment of a note is stipulated for an interest thereon that is usurious, such agreement cannot be enforced, nor does it constitute a sufficient consideration unless the interest had been paid for the extension.

In a suit for foreclosure, the plaintiff is not entitled as a matter of right to recover attorney's fees on notes not due.

*S. J. Peele,* for appellee.

BLAIR, J.—This is an action by the plaintiff to foreclose a mortgage given to secure the payment of two promissory notes made by the defendant Samuel Tinsman to the plain-

tiff, each for $1,250, dated November 17th, 1870, one due in one year from date, and the other two years from date. The suit was commenced March 22, 1872.

Judgment and decree of foreclosure was rendered at Special Term for the plaintiff, from which the defendants appealed to General Term.

Errors in the action of the Court at Special Term are assigned in several particulars, but the appellants say they rely upon the question presented by the plaintiff's demurrer to the third paragraph of the defendant's answer.

In the third paragraph of answer the defendants admit the execution of the notes and mortgage, but say that on the first day of November, 1871, the plaintiff and defendant Samuel Tinsman made a verbal agreement whereby the defendant agreed to pay interest on the note first falling due at the rate of twelve per cent, per annum from the date of the note until the maturity of the second note falling due on November 17th, 1872, and in consideration of which agreement the plaintiff agreed to extend the time of payment until the 17th day of November 1872, that afterwards on the 9th of February, 1872, the defendant Samuel Tinsman, paid to the plaintiff on the interest fifty dollars, and on the 7th day of March, 1872, he paid thereon seventy dollars, wherefore Samuel Tinsman says the action has been prematurely brought, and the defendant Susan says that the above agreement was made without her knowledge and consent, and that as to her the mortgage ought not to be foreclosed.

A demurrer of the plaintiff was sustained to this answer, to which ruling the defendant excepted.

The defendant cites the case of *Rigsbee* v. *Bowler*, 17 *Ind.*, 167, in support of the above paragraph of answer. It was there held that as the payee of the note sued on had agreed with the defendant, before the defendant had notice of the assignment of the note, that if the defendant would

pay him before it become due, another debt of three hundred dollars owing from the defendant to the payee, the latter would extend the time of payment of the note sued on, the agreement constituted a good defense, the debt of three hundred dollars having been paid as agreed.   The Court in that case cited *Peck* v. *Beckwith*, 10 *Ohio S. T. R.*, 497, as an authority, and the case seems to sustain the ruling.   In deciding the case a general statement is given that a subsequent verbal agreement changing the terms of a written contract may be valid, and may be proved by parol, in a case where the original contract might have been made by parol, and beyond the support of this principle no reference is made to the numerous authorities in our State that distinctly assert the rule to be otherwise, and hold that an agreement to forbear to sue, or to extend the time of payment of an obligation for a limited time, though founded on a sufficient consideration, cannot be pleaded as a release, or in bar of an action on such obligation brought within the time limited. In such case the defendant sued is left to his action for a breach of the agreement.

*Irons et al.* v. *Woodfill et al.*, 32 *Ind.*, 40 ; *Thalman et al.* v. *Barbour et al.*, 5 *Ind.*, 178 ; *Harbert* v. *Dumont et al.*, 3 *Ind.*, 346 ; *Clark et al.* v. *Snelling*, 1 *Ib.*, 382 ; *Lowe et al.* v. *Blair et al.*, 6 *Blackf.*, 282 ; *Mendenhall et al.* v. *Lenwell*, 5 *Ib.*, 125 ; *Berry* v. *Bates*, 2 *Ib.*, 118 ; *Reed* v. *Shaw*, 1 *Ib.*, 245.   See, also, *Thinblely* v. *Barron*, 3 *M. & W.*, 210 ; 2 *Saunders*, 48, note 1 ; *Chandler* v. *Herrick*, 19 *John.*, 129.

In view of these authorities, the first referred to being a later case than the one in 17 Ind., we cannot follow the rule announced in 17 Ind., and must hold that there was no error in sustaining the demurrer to the third paragraph of answer.   In addition to the above, the answer does not show that the interest agreed to be paid, was paid, except a portion of it, and further, the alleged agreement was to pay usurius inter-

est, hence was an agreement that could not have been enforced, and did not constitute a sufficient consideration for the extension unless the interest had been paid. See on this point, *Shaw et al.* v. *Binkard*, 10 *Ind.*, 227 ; *Goodhue* v. *Palmer*, 13 *Ind.*, 457 ; *Beauchamp* v. *Leagan*, 14 *Ind.*, 401.

We think, in a suit for foreclosure, the plaintiff is not entitled as a matter of right to recover attorney's fees on notes not due, providing for such fees.

The recovery on such notes follows as an incident to a recovery upon amounts due, and the notes not due do not constitute the cause of action, and a payment of the amount due, even after judgment and before sale, relieves the defendant from any default in regard to notes that have not matured.

We do not, therefore, regard the cross error assigned by the plaintiff as well taken.

The judgment is therefore affirmed.