PAUL, ADMINISTRATOR, *v.* THE LOGANSPORT NATIONAL BANK.

PROMISSORY NOTE.—*Assignment by Co-Surety for Benefit of Creditors.—Assent of Payee.—Effect of, on Remaining Co-Surety.—Decedents' Estates.*—In an action by the payee, against the estate of a deceased co-surety, on a promissory note, the administrator set up, as a defence, that his decedent's co-surety, within the time necessary for service of process, after the maturity of such note, had executed an assignment for the benefit of his creditors, providing therein that the assignee should complete his trust within three years, to which assignment the plaintiff had assented.

*Held,* that such assent and assignment would have been no bar to an action on such note, against such insolvent surety, within three years.

*Held,* also, that such assent was not necessary to the validity of such assignment.

*Held,* also, that such assent, not having injured the decedent, did not release his estate.

From the White Circuit Court.

*J. H. Matlock* and — *Owens,* for appellant.

*A. W. Reynolds* and *E. B. Sellers,* for appellee.

PERKINS, J.—The following is a copy of an executed promissory note:

" LOGANSPORT, IND., Aug. 4th, 1873.

" Ninety days after date, we promise to pay to the order of A. J. Murdock, cashier, two thousand dollars, at the Logansport National Bank, with interest at the rate

·of ten per cent. per annum after maturity, and with attorney's fees, if suit be instituted on this note, value re-·ceived, without relief," etc.

" ALFRED R. ORTON,

(Signed,)     " BENJ. D. PAUL,

" JAMES C. REYNOLDS."

Orton was principal, and Paul and Reynolds co-sureties in the note. The note would become due on the 5th of November, 1873.

On the 13th day of November, 1873, said James C. Reynolds made an assignment of all his property for the benefit of his creditors. It was made the duty of the assignees to complete the execution of the trust created by the assignment within three years. The payee of the above copied note assented to the terms of the assignment.

Afterward said Benj. D. Paul died, and, on the 25th day of November, 1874, said note was filed, by the Logansport National Bank, in the office of the clerk of the White Circuit Court, as a claim against said Paul's estate. Such proceedings were afterward had, touching said claim, as that judgment thereon, in favor of said bank, was rendered, on a trial of issues formed, against said estate.

A motion for a new trial was overruled, and exception entered.

The overruling of that motion is the only decision assigned, in this court, as erroneous.

Counsel for appellant, in their brief, if we understand them correctly, make two, and only two, points of objection to the judgment of the circuit court. Those points are:

1. That the assent to the assignment of Reynolds, by the bank, operated as an agreement not to sue him for three years, and that the rights of his co-surety, Paul, were injuriously affected thereby; and,

2. That said assent operated as a release of said Rey-

nolds, one of the makers of a joint note, and that that release was, in law, a release of all the makers of said note.

If the act of the bank, in assenting to the assignment, operated as an agreement not to sue for three years, as to which we express no opinion, that agreement was no bar to a suit within that period of time. *Mendenhall* v. *Lenwell*, 5 Blackf. 125; *Newkirk* v. *Neild*, 19 Ind. 194; *Irons* v. *Woodfill*, 32 Ind. 40. Nor, had suit been instituted upon the note the day it fell due, could judgment have been obtained in the suit, by due course of legal proceeding, till after the assignment was executed, so that no lien upon the property of Reynolds was lost.

The note, as we have seen, became due on the 5th day of November; the assignment was perfected on the 13th of that month, only eight days after the note fell due, while ten days were required for service of process, on which judgment could be rendered. The bank could not have prevented the assignment, and her assenting to it, after it was made, added nothing to its legal operation as a conveyance of property.

It does not appear, that said Paul, deceased, was injured by the assent of the bank to the assignment.

As to the second point, it is true that a release of one of the makers of a joint obligation may release all. 1 Parsons Con. 27; *Stockton* v. *Stockton*, 40 Ind. 225. But this principle has no application to the case before us, because the contract in this case did not, by its terms nor in legal effect, release one of the joint makers of the note. See *Aylesworth* v. *Brown*, 31 Ind. 270, and cases cited.

We have now disposed of all the grounds taken by appellant, for a reversal of the judgment. All others, by the rule of this court, are waived, if they exist.

Excessive damages were not made a ground for a new trial. See, on the subject of filing claims against the estates of deceased persons, and the allowance thereof, *Milam* v. *Milam*, *ante*, p. 58.

The judgment is affirmed, with costs.