No. 8466.

## MILLS ET AL. *v.* TODD ET AL.

PRACTICE.—*Pleading.*—Where the general denial is pleaded, a special paragraph controverting some of the averments of the complaint is useless, and there is no available error in sustaining a demurrer to it.

CONTRACT.—*Extension of Time.*—*Forbearance to Sue.*—An agreement to extend the time for the payment of a debt for a limited period, even if founded on a sufficient consideration, is in substance an agreement not to sue within the time, and can not be pleaded in bar.

SAME.—*Consideration.*—*Interest.*—A parol agreement to give definite time, beyond one year, for the payment of a debt, in consideration of a promise to pay the same rate of interest which the original contract would bear, is void.

From the Ripley Circuit Court.

*G. Durbin* and *J. O. Cravens*, for appellants.

*W. S. Holman* and *W. S. Holman, Jr.*, for appellees.

BICKNELL, C. C.—The appellees brought this suit against the appellants, to foreclose a mortgage, claiming that the writing sued on, although in form an absolute deed from the appellants to the appellees, was intended to secure $1,400, the purchase-money of certain land, and $400 for another debt.

The land had formerly belonged to Robert Mills, deceased, who was the husband of the appellant Mary Mills, Sr., and the father of the appellants Joseph Mills and William Mills; it had been sold to one Wheeler, upon a judgment against

Robert Mills, and the appellants were seeking to repurchase it for $1,400; they agreed with the appellees that if the latter would advance the $1,400, they should have a mortgage on the land to secure the same, and also to secure said $400, payable in two years, with interest at nine and a half per cent.

Under this agreement, the appellees advanced the $1,400; it was paid to Wheeler; he conveyed the land to the appellants on March 30th, 1877; and they conveyed it to the appellees by an absolute deed, dated June 18th, 1877.

There was evidence tending to show that, by the agreement, the appellees were to execute a bond to the appellants for a reconveyance of the land on the repayment of $1,800 and interest, in two months from the date of the bond, but there was no proof of the execution of the bond, and, on the 2d of August, 1879, more than two years after the date of the deed, the principal and all the interest being unpaid, this suit was commenced.

The issues joined were tried by the court, who found for the appellees, that they were entitled to foreclosure for $2,052; the appellants' motion for a new trial was overruled; judgment was rendered upon the finding, and this appeal was taken.

Several errors were assigned, but only one is discussed in the appellants' brief; the others are therefore waived.

The error relied on in the brief is, sustaining the appellees' demurrer to the second paragraph of the appellants' answer.

That answer is pleaded to the entire complaint. The first paragraph of the complaint avers that the deed was executed to secure the payment of $1,800, of which $1,400 was the purchase-money of said land, paid by plaintiffs, and that there is now due and unpaid, of said indebtedness, the sum of $2,200.

The second paragraph of the complaint states that Wheeler owned the land, which appellants desired to buy for $1,400, and that plaintiffs held a judgment against the estate of said Robert Mills for $500, and that the appellants agreed that if the appellees would lend them $1,400 for the purchase of said

land, they would mortgage the same to the appellees, to secure said $1,400, and also $400 of said judgment, and ten per cent. interest for two years and until paid, and that the appellees accordingly advanced to appellants said $1,400, which they paid to said Wheeler, and took from him a deed for said land, and then, on June 18th, 1877, executed to appellees the instrument sued on, to secure the payment of the aforesaid sum of money.   The averment in each of these paragraphs is substantially that the deed was intended as a mortgage to secure $1,800 and the interest, in all $2,200, and that, although two years had elapsed before suit brought, yet the entire principal and interest remains unpaid.

These matters were fully put in issue by the first paragraph of the appellants' answer, which was the general denial.

The second paragraph of the answer states that the deed was not executed to secure the money and ten per cent., but to secure the consideration therein expressed, and six per cent., which six per cent. was paid before suit brought, and that, on April 1st, 1879, the appellees agreed that if appellants would pay to them six per cent. interest yearly on said $1,800, they would extend the time of payment two years from April 1st, 1879, and that appellants, in consideration of such extension of time, faithfully undertook and promised to pay the appellees said six per cent. yearly, which they are ready to do as the same shall mature.   Wherefore the defendants say the money secured by said conveyance is not yet due.

So far as this plea alleges that the interest was to be six per cent., and that no interest was due at the commencement of this suit, it is embraced in the general denial already pleaded. So far as it states an agreement in April, 1879, to extend the time of payment two years further, in consideration of the appellant's undertaking to pay six per cent. interest yearly, it amounts to nothing; this undertaking is not averred to have been in writing and was not to be performed within a year, and there was no consideration for it; the money, already past due, bore six per cent. interest, without any agree-

ment. In substance, the plea states an agreement not to sue for a limited time, and states no consideration therefor; but such an agreement, even if founded on a sufficient consideration, can not be pleaded in bar of an action within the time. *Irons* v. *Woodfill,* 32 Ind. 40; *Mendenhall* v. *Lenwell,* 5 Blackf. 125 (33 Am. Dec. 458); *Berry* v. *Bates,* 2 Blackf. 118; *Newkirk* v. *Neild,* 19 Ind. 194. The court, therefore, committed no error in sustaining the demurrer to the second paragraph of the appellants' answer. Its judgment should be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellants.