| 83 | 405 |
|----|-----|
| 131 | 98 |

## No. 8919.

## WILLIAMS ET AL. *v.* SCOTT.

PROMISSORY NOTE.—*Principal and Surety.—Extension of Time.*—A valid agreement by the payee of a note to give a definite extension of time, for a valuable consideration, discharges a surety, if done without his consent and with knowledge that he is surety; but such agreement is not available to the principal, by any form of pleading, in a suit on the note brought before the time given has elapsed.

SAME.—*Proof of Knowledge by Payee of Surety.*—Where a note is made by two, without any designation that one is surety, the surety must prove the fact and the plaintiff's knowledge of it, to make this defence available.

SAME.—*Pleading.— Variance.—Consideration.*—Where a surety pleads that the principal paid to the payee a sum of money " for the consideration alone of the extension of time for one year," and the payee agreed to wait, etc., and the proof is that the sum paid was *for a year's interest in advance*, in consideration of which the extension was given, there is no variance.

From the Shelby Circuit Court.

*E. P. Ferris, A. F. Wray, W. W. Spencer* and *J. S. Ferris,* for appellants.

*O. J. Glessner, E. K. Adams* and *L. J. Hackney,* for appellee.

BLACK, C.—This action was brought on the 17th of May, 1879, by the appellee against the appellants, John Williams and Alexander VanGordon, upon a promissory note executed by the appellants June 4th, 1877, for $1,000, payable twelve months after that date, with interest at the rate of ten per cent. per annum.

The complaint alleged a payment of $100 on the 21st of March, 1878, and a payment of $750 on the 7th of March, 1879, and averred that the residue of said note, with the interest thereon, was due and unpaid.

The appellants answered separately, each in two paragraphs.

The first paragraph of the answer of appellant Williams was in abatement, alleging that the note would not be due until the 7th of March, 1880, for the reason that on the 7th of March, 1879, in consideration of the sum of $31.94 then paid by said Williams to the appellee, the latter agreed with said Williams to extend the time of payment for one year from the latter date, which was endorsed on the back of said note.

In the first paragraph of the answer of appellant VanGordon he admitted that he signed the note in suit, but alleged that he signed it as surety for his co-defendant Williams, who was the principal therein, all of which appellee well knew; that on the 7th of March, 1879, in consideration of $31.94 then paid the appellee, "and for the consideration alone of the extension of the time for one year" by the appellant Williams, the appellee then agreed to wait on said Williams for the term of —— year from and after said date for the balance of said note, which agreement was then and there endorsed on said note; all of which was done without the knowledge or consent of said surety.

The second paragraph of each answer alleged payment by said Williams.

The appellee replied to the several answers by general denials, and to the first paragraph of the answer of appellant Williams by two special paragraphs, which were argumentative denials.

A trial by jury resulted in a verdict for the appellee against both the appellants for $294.25.

The appellants separately moved for a new trial, and they have jointly and severally assigned as error the overruling of that motion.

The motion assigned as causes, that the verdict was contrary to law; that it was not sustained by sufficient evidence; and that the court erred in refusing to give to the jury charge number four asked by appellant VanGordon, and in giving charges numbered two and seven.

The instruction so asked by appellant VanGordon and refused was as follows:

" 4. If you find from a preponderance of the evidence that the plaintiff, on the 7th of March, 1879, received of defendant Williams the sum of $31.94, in consideration of the extension of time for one year from that date, and that the same was done without the knowledge or consent of VanGordon, then you should find for the defendant VanGordon."

The note upon its face was the joint note of the appellants. There was nothing about it to indicate that one of the makers was surety for the other.

The answer of VanGordon alleged that he was the surety of his co-defendant, and claimed the release of said surety because of an extension of the time of payment.

This instruction did not require the jury to find that he was a surety. If VanGordon was not a surety for Williams, an extension of time given to the latter could not discharge the former. Daniel Neg. Inst., section 1297 ; *Mullendore* v. *Wertz,* 75 Ind. 431 (39 Am. R. p. 55).

The instruction was also insufficient, in that it did not require the jury to find that the appellee had notice that VanGordon was a surety at the time of the agreement for an extension of time. *Davenport* v. *King,* 63 Ind. 64 ; *McCloskey* v. *Indianapolis, etc., Union,* 67 Ind. 86 (33 Am. R. 76). There was no error in refusing to give this instruction.

The second instruction given by the court was as follows:

" 2. The defendant VanGordon, by answer, pleads that his co-defendant Williams paid to plaintiff, Scott, the sum of $31.94 for the consideration alone of the extension of time for one year from the 7th day of March, 1879. This allegation must be proved as alleged, and it is not sufficient that some other contract is shown by the evidence. And if the evidence shows that the $31.94 was paid to Scott by Williams as and for interest in advance for one year from the 7th day of March, 1879, which amount was to be credited upon the note, this would be a variance between the allegations in the answer and the evidence, and you must find for the plaintiff."

Two endorsements upon the note were introduced in evidence. The first indicated a payment of $100, March 21st, 1878. The second, to which the second instruction had reference, was as follows :

" Cr. on within note. Principal, $718.06 ; also, $31.94 for the interest on the balance of said note for one year from this date, March 7th, 1879, in consideration for which I agree to wait for balance of said note for one year from this date."

Interest is " The compensation which is paid by the borrower of money to the lender for its use, and, generally, by a debtor to his creditor in recompense for his detention of the debt." Bouvier Law Dictionary.

The statute in force when this extension was granted permitted " interest upon the loan or forbearance of money," etc., to be taken yearly or for any shorter period in advance. 1 R. S. 1876, p. 599. Forbearance is a creditor's waiting for the payment of a debt after it has become due. A valid extension of time of payment after maturity is forbearance.

The answer alleged that Williams paid Scott $31.94, in consideration alone of an extension of time by Scott for a definite future period ; that Scott, in consideration of the payment of that sum by Williams, so extended the time for the balance of said note, and that the agreement was endorsed upon the note, thus making reference to the writing which contained the terms of the agreement and which it was presumable was

in the possession of the appellee, who, in his complaint, had alleged two payments on the note, one of $100 and the other of $750, and had made an exhibit of the endorsement of the payment of $100, but had not set out the other endorsement, the effect of which the appellant VanGordon thus sought to state in his answer.

The evidence referred to by the instruction as being fatally at variance with this answer was said endorsement on the note, to the effect that Williams paid said sum to Scott for the interest on the balance of said note for a definite future period corresponding with that stated in the answer, and that Scott agreed to wait for that balance for said period, in consideration of said payment.

Not only was it impossible for the appellee to be misled by the answer, but there was indeed no substantial difference between its allegation and the evidence introduced to support it. The answer alleged, and the evidence indicated by the answer tended to prove, a certain payment for a definite forbearance and the granting of such forbearance in consideration of such payment.

Upon this ground of supposed variance, the court in this instruction, contrary to uniform authority, gave the jury to understand, in effect, that payment to the payee by the principal debtor, of interest in advance for a definite period from a date after maturity, was not a sufficient consideration for extending the time of payment for such period. *Redman v. Deputy,* 26 Ind. 338; *Jarvis* v. *Hyatt,* 43 Ind. 163; *Hamilton* v. *Winterrowd,* 43 Ind. 393, 398; *Abel* v. *Alexander,* 45 Ind. 523 (15 Am. R. 270); *Woodburn* v. *Carter,* 50 Ind. 376; *Lemmon* v. *Whitman,* 75 Ind. 318 (39 Am. R. 150).

The other instruction, the giving of which was assigned as a cause for a new trial, was as follows:

"7. Before you can find that there was such an extension of time as will release VanGordon from his liability as surety upon the note in suit, it will be necessary for you to find, by a preponderance of the testimony, that the payment of $31.94,

claimed to have been made by Williams, was made to Scott and accepted by Scott, not as a payment of either principal or interest, but as a bonus, premium or reward for extension of the time of said note to a definite period, and that Van Gordon did not have any knowledge of such payment or extension."

It would not have been necessary to the surety's discharge that he should not have had any knowledge of the payment or extension. The want of his consent to the extension would be sufficient to release him if the extension was for a definite period, granted by the payee to the principal debtor upon a sufficient consideration. Brandt Suretyship and Guaranty, section 299 and authorities cited.

As the jury must have found from the evidence that the surety did not know of the payment or the extension, it perhaps could not be said that he was harmed by this portion of the instruction.

But the instruction takes too narrow a view of the surety's answer, and excludes from the consideration of the jury, as did the second instruction, evidence of the payment made in consideration of the extension of time and as interest in advance, which we think was admissible under that pleading, and which was proper for the consideration of the jury; and in this regard the instruction was injurious to the surety defendant.

The answer does not allege, nor do its terms imply, that, by the agreement therein stated, the balance of the note, the time of payment of which was extended, was to bear other interest for the period of extension than the sum so paid in advance. The agreement made in consideration of such payment was alleged to have been an agreement to wait " for the balance of said note."

The testimony as to the transaction by which it was claimed the time was extended was conflicting, and, therefore, we could not reverse the judgment because of the want of sufficient evidence to sustain the verdict; but the instructions were calculated to lead the jury to a misapplication of an important

part of the evidence relating to that transaction, and thereby to injure the appellant VanGordon.

On behalf of the appellant Williams it is claimed that the evidence shows a valid agreement for an extension of time for a certain period which had not elapsed at the commencement of the action; that, therefore, the action was prematurely brought, and that his answer in abatement having thus been sustained, the judgment against him should be reversed.

The evidence showed conclusively that the note in suit was due. The contract for forbearance was collateral to the note, and did not deprive it of its maturity or prevent the bringing of an action upon it as a mature claim before the expiration of the period of extension. In an action at law, the fact that suit has been thus brought in violation of the agreement to forbear can not defeat a recovery against the principal debtor, no matter in what form of pleading he may set up the breach of the collateral contract. His only remedy is an action for damages for the breach of the agreement to forbear. *Gifford* v. *Allen,* 3 Met. 255; *Greely* v. *Dow,* 2 Met. 176; *Berry* v. *Bates,* 2 Blackf. 118; *Mendenhall* v. *Lenwell,* 5 Blackf. 125; *Newkirk* v. *Neild,* 19 Ind. 194; *Irons* v. *Woodfill,* 32 Ind. 40; *Nelson* v. *White,* 61 Ind. 139; *Mills* v. *Todd, ante,* p. 25.

As to the appellant Williams, the judgment should be affirmed; as to the appellant VanGordon, it should be reversed.

Per Curiam.—Upon the foregoing opinion, the judgment is affirmed as to the appellant Williams, at his costs; and reversed as to the appellant VanGordon, at the costs of the appellee.