Vogel v. Harris *et al.*

No. 12,837.

VOGEL *v.* HARRIS ET AL.

BILL OF EXCEPTIONS.—*Practice.*—*Statute Construed.*—Where, under the provisions of section 626, R. S. 1881, time is allowed by the court within which to file a bill of exceptions, all the rulings in the case, made on that day, may, if properly excepted to, be embraced in the bill, notwithstanding the fact that some of such rulings intervened between the overruling of the motion for a new trial and the action of the court in fixing the time for the completion of the bill.

WITNESS.—*Cross-Examination.*— *Proper Scope of.*—Where a general subject is brought out in the direct examination of a witness, the cross-examining party is not confined to the phases of the subject so brought out and opened, nor bound by the line of direct examination, but may ask any proper question on the general subject referred to in the examination in chief.

EVIDENCE.—*Conclusion.*—A question to a witness, which asks for the statement of an arrangement or agreement between parties, is not objectionable as calling for a conclusion.

CONTRACT.—*Agreement not to Collect Debt.*—*Breach of.*—*Damages.*—A covenant by a creditor not to collect a debt does not impair such indebtedness, but simply vests in the debtor a right to recover damages for a breach of the agreement.

From the Allen Superior Court.

*L. M. Ninde,* for appellant.

*W. H. Coombs, R. C. Bell* and *S. L. Morris,* for appellees.

ELLIOTT, J.—Appellees' counsel contend that the evidence is not in the record on the motion for a new trial, and support their contention by a vigorous argument.

The record shows that a motion for a new trial was filed on the 30th day of January, 1885, and was overruled on that day. No time was immediately asked in which to file a bill of exceptions, or to embrace the ruling on the motion in a bill. The ruling was directly followed by a motion for a *venire de novo.* This motion was overruled, whereupon the appellant secured the following entry to be made : " To which judgment the defendants further except, and are given sixty

days time from the date hereof in which to settle and file their bill of exceptions."

An exception was, however, entered at the time the motion for a new trial was overruled. Counsel quote that part of section 626, R. S. 1881, which reads thus : " *Provided,* That if a motion for a new trial shall be filed in a cause in which such decision, so excepted to, is assigned as a reason for a new trial, such motion shall carry such decision and exception forward to the time of ruling on such motion, and time may be then given by the court within which to reduce such exception to writing," and ask us to decide that the bill of exceptions does not present the evidence on the ruling denying the new trial.

We can not assent to counsel's doctrine. In our opinion the leave to file the bill embraced all the exceptions taken at the time the entry was made, for the proceedings at that time are not to be dissected into minute parts. The fair and just interpretation of the record is, that the leave obtained referred to all the rulings made on the day it was asked and secured. The question is fully discussed in *Kopelke* v. *Kopelke,* *ante,* p. 435, and we deem it unnecessary to again discuss it.

This action was brought by the appellees to recover the possession of personal property which the appellees claimed had been obtained from them by fraud. In his brief appellant's counsel says of the appellees' evidence that " I concede that it tended to show that at the time the appellant purchased the goods the appellees believed he was solvent ; that he so represented to them, and by such representations procured the appellees to ship the goods to him. The plaintiffs' testimony further tended to show that, at the time the appellees' claim these representations were made, the appellant knew he was insolvent, and did not intend to pay for the goods."

Counsel, while making these concessions as to the effect of the appellees' evidence, asserts that it was contradicted by the appellant's evidence in so far as it tended to prove

that the appellant intended to defraud the appellees, and in this he is supported by the record.

The appellant proved that he owed to his wife and to his sister $14,000, and that his personal property was worth five or six thousand dollars. He also testified that he did not intend to defraud the appellees when he bought the goods. He offered to prove that he had an arrangement with his wife and his sister that they would give him time, that they would not press their claims, and would not interfere with the payment of his commercial debts.

In answer to appellant's argument on this point, the counsel for appellees insist that the question asked was not proper on cross-examination. In this they are in error. They had opened on the subject of the appellant's fraud and his financial condition, and they laid open the whole subject for cross-examination. It is a mistake to suppose that cross-examining counsel are confined to the phases of a subject opened on the direct examination, for the rule is well settled that, where a general subject is brought out in the direct examination, the cross-examining party may ask any proper question on the general subject, and is not bound to follow the line of examination laid out by the examination in chief. *DeHaven* v. *DeHaven*, 77 Ind. 236; *Louisville, etc., R. W. Co.* v. *Falvey*, 104 Ind. 409.

The objection to the form of the question is not tenable. A question which asks for the statement of an arrangement or agreement between parties does not call for a conclusion. This was the question asked, for it called for the character of the debts due to the appellant's wife and sister.

We think, however, that the objection that the question did not relate to the time of the purchase of the goods is well taken. The material inquiry was as to the appellant's financial condition and his intention at the time he bought the appellees' goods. What he then did and said, and what was then his financial condition, were the material matters. We are also of opinion that the evidence was incompetent

because the agreement between the appellant and his wife and his sister did not affect the question of his solvency so long as the debt remained unpaid. If he owed the debt it could not be excluded from consideration because of an agreement not to press its collection. The covenant not to collect it did not discharge the debt, but simply vested in the appellant a right to recover damages for a breach of the agreement. *Reed* v. *Shaw*, 1 Blackf. 245; *Mendenhall* v. *Lenwell*, 5 Blackf. 125 (33 Am. Dec. 458); *Thalman* v. *Barbour*, 5 Ind. 178; *Irons* v. *Woodfill*, 32 Ind. 40; *Mills* v. *Todd*, 83 Ind. 25; *Williams* v. *Scott*, 83 Ind. 405 (411).

It is quite clear, therefore, that, upon the most favorable view for appellant that can be taken, the evidence was incompetent.

Appellant, having been examined in chief by the appellees, was asked this question, on cross-examination: "Mr. Vogel, what in your judgment, I mean what was your judgment, in May and in the latter part of August, 1883, as to the value of the house and lot where you reside?" We think there was no material error in refusing to permit the witness to answer this question. It was admitted on the trial that the appellant, at the time the goods were purchased, was insolvent and unable to pay his debts, and it was not material what value he placed upon a particular piece of property. The written agreement settled the question of his insolvency, and the value of the property mentioned could not affect the question. But, if we are wrong in this, the evidence is so overwhelmingly against the appellant that we should not feel justified in reversing the judgment even if the appellant's opinion as to the value of one piece of his property was erroneously excluded.

Judgment affirmed, at the costs of Veronica Vogel, administratrix of the estate of Frank B. Vogel, deceased, to be levied of the assets of said estate.

Filed Dec. 8, 1887.