Foster v. Dailey.

No. 415.

## FOSTER v. DAILEY.

PLEADING.—*Plea in Abatement.— Violation of Agreement to Extend Time.*— The breach of an agreement, made after suit is brought, to extend the time of payment of an indebtedness can not be pleaded in bar of the action.

SAME.—*Demurrer.*—A demurrer as follows: The plaintiff demurs to the amended second paragraph of the defendant's answer, for the reason that the same does not state facts sufficient to constitute a good defence to plaintiff's complaint, is not insufficient in form because of the use of the word "complaint" instead of the words "cause of action."

From the Adams Circuit Court.

*J. R. Bobo, R. T. Bobo, C. M. France, J. F. France* and *R. C. Bell*, for appellant.

*E. A. Huffman*, for appellee.

BLACK, J.—The appellee's complaint was in two paragraphs, the first being upon a promissory note made by the appellant to the appellee, and the second alleging an indebtedness arising out of a mutual mistake in the settlement of certain accounts existing between the parties.

The court sustained a demurrer to the second paragraph of appellant's answer, and this ruling is assigned as error.

The answer was filed on the 24th of January, 1891. The first paragraph was a general denial. The second alleged that on a day stated, subsequent to the commencement of the action, the parties made "a contract, for a valuable consideration, to wit, ten dollars, wherein this plaintiff agreed that the indebtedness sued upon, and mentioned in plaintiff's complaint should not be due, and no suit should be brought therefor in any court until the 20th day of March, 1891; that this defendant has paid and performed every condition of said contract on his part, but that the plaintiff has failed, and now refuses to perform the condition of said contract on his part." This paragraph was pleaded in bar of the action.

It has been decided in many cases in this State, both be-

Foster v. Dailey.

fore and since the adoption of the reformed procedure, that the violation of an agreement to extend the time of payment, or not to sue for a limited period, can not defeat a recovery against a principal debtor, no matter in what form of pleading he may set up the breach of the collateral contract. *Berry* v. *Bates*, 2 Blackf. 118; *Mendenhall* v. *Lenwell*, 5 Blackf. 125; *Newkirk* v. *Neild*, 19 Ind. 194; *Irons* v. *Woodfill*, 32 Ind. 40; *Nelson* v. *White*, 61 Ind. 139; *Mills* v. *Todd*, 83 Ind. 25; *Williams* v. *Scott*, 83 Ind. 405 (411); *Vogel* v. *Harris*, 112 Ind. 494.

If this be true of an agreement made before the commencement of the action, it must be true that the breach of such an agreement made after the commencement of the action can not be well pleaded in bar of the action.

The appellant insists that the demurrer was insufficient in form. Omitting the title and the signature, the demurrer was as follows:

"The plaintiff demurs to the amended second paragraph of the defendant's answer, for the reason that the same does not state facts sufficient to constitute a good defence to plaintiff's complaint."

It seems to be supposed by counsel for the appellant that this demurrer was not sufficient to raise the question as to the sufficiency of the paragraph of answer to which it was addressed, because of the use of the word "complaint," instead of the words "cause of action."

This objection is not well taken. We think the demurrer was sufficient in form and substance. *Wright* v. *Nipple*, 92 Ind. 310; *Young* v. *Warder*, 94 Ind. 357; *McFadden* v. *Fritz*, 110 Ind. 1; *Lewellen* v. *Crane*, 113 Ind. 289.

If the demurrer were defective in form, sustaining it to an insufficient answer would be a harmless ruling, and could not result in the reversal of the judgment. *Hildebrand* v. *McCrum*, 101 Ind. 61.

The judgment is affirmed, with costs.

Filed Feb. 3, 1892.