Ayers *et al. v.* Hamilton.

No. 15,687.

## AYERS ET AL. *v.* HAMILTON.

CONTRACT.—*Extension of Time.*—*Forbearance to Sue.*—An agreement to extend the time of payment of a debt for a limited period of time, even if founded upon a sufficient consideration, is, in substance, an agreement not to sue within that time, and can not be pleaded in bar of an action brought within that time. The only remedy for the violation of such an agreement is an action for damages.

From the Rush Circuit Court.

*W. A. Cullen* and *J. D. Megee,* for appellants.
*J. A. New* and *H. E. Barrett,* for appellee.

MILLER, J.—This was a suit brought by the appellee to foreclose a mortgage.

Two errors are assigned and discussed in the briefs of counsel:

1st. That the court erred in sustaining a demurrer to the first paragraph of answer.

2d. That the court erred in overruling the appellants' motion for a new trial.

The first paragraph of answer counted upon a written agreement extending the time for the payment of the note, secured by the mortgage in suit, to a period subsequent to the time of the bringing of this action.

This agreement was a mere contract of forbearance, executed long after the maturity of the note.

It is well settled that an agreement to extend the time of payment of a debt for a limited period of time, even if founded upon a sufficient consideration, is, in substance, an agreement not to sue within that time, and can not be pleaded in bar of an action brought within that time. The only remedy for the violation of such an agreement is an action for damages. *Vogel* v. *Harris,* 112 Ind. 494; *Williams* v. *Scott,* 83 Ind. 405; *Mills* v. *Todd,* 83 Ind. 25; *Irons* v. *Woodfill,* 32 Ind. 40.

The question discussed under the second assignment of error is the alleged insufficiency of the evidence to sustain the finding and judgment.

We have read the evidence and find that it is conflicting upon every issue joined in the pleadings. We can not, therefore, disturb the judgment on this account.

Judgment affirmed.

Filed April 5, 1892.