CHANDLER *against* HERRICK.

THIS was an action of debt on a bond, dated *April* 22, 1816, for 3,000 dollars, conditioned to pay the sum of 1,500 dollars and interest, annually, in the manner following, viz. 100 dollars and interest on the whole sum of 1,500 dollars, in one year; 300 dollars, and interest on the whole, (that is, the principal due,) in two years; 300 dollars and interest on the whole, in 3 years, 300 dollars and interest on the whole in 4 years, and 500 dollars and interest on the whole, in 5 years. The plaintiff averred that 100 dollars, and the interest on the whole for a year, was in arrear on the 22d of *April*, 1817; 300 dollars and the whole interest, in arrear on the 22d of *April*, 1818, 300 dollars and the whole interest, in arrear on the 22d of *April*, 1819, and 300 dollars and the whole interest, in arrear on the 22d of *April*, 1820. The defendant pleaded, 1. *non est factum*, 2. *in bar*, that before the commencement of this suit, to wit, on the 15th of *April*, 1819, at, &c. he paid and satisfied to the plaintiff, all and every the sums of money, which had, at any time before that day, been become due and payable upon or by the said bond or obligation, or the condition, and after the said payments, to wit, on, &c. and at, &c. an agreement was made and delivered between the plaintiff and defendant, under their respective hands and seals, with a *profert* of the agreement, &c. which was in substance, that *H.* agreed to deliver to *C.* all the hops he should raise on the farm which he then owned in the town of *A.*, &c. during the term of five years from the date of the agreement. *H.* was not to lessen the number of hills of hops which he had then growing, but might increase them. The hops were to be inspected, pressed into square bales of not less than 200 pounds each, be good and merchantable, and be delivered at *C.*'s store, on the first day of *November* in each year. If the hops were not of the first quality, *C.* was to be at liberty either to take them at a reduced price, or to refuse them. *C.* agreed that he would, on the first day of

A covenant, by the obligee of a bond, not to sue the obligor within a certain time, cannot be pleaded in bar to an action on the bond, brought before the expiration of the time; for it is not a release, but a covenant merely, for the breach of which the obligee may have his action.

Where an agreement was entered into between the parties to a bond, payable by instalments, after several of the instalments had become due, by which the obligee was to deliver to the obligor, all the hops he should raise on a certain farm, during five years, and the obligee agreed to pay a certain price, and endorse two thirds of the value of the hops, in each year, on the bond, until the same was paid; admitting that this agreement enlarged the time of payment mentioned in the condition of the bond, which was doubtful, it could not be pleaded in bar to an action of debt, brought on the bond, any time afterwards, or within five years.

*November*, in each year, and sooner, if the hops were deli-
vered, pay *H.* twelve cents and a half per pound, for the
hops so raised, &c. as follows: to wit, two thirds of the va-
lue of the hops delivered in any one year, should be en-
dorsed on the bond of *H.*, (set forth in the declaration) un-
til the same was paid, the remaining one third to be paid
to *H.* in cash, or as the parties could agree; and all da-
mages sustained by the breach of the agreement, should be
paid by the one party to the other, on the first of *December*,
in the year in which the contract should be violated. If *H.*
failed in the performance of the agreement, he was to pay
the difference, in *New-York*, between the price agreed on,
and the price there, on the 15th of *November*, deducting the
expense of transportation to *New-York*. The defendant
averred, that he did not lessen the number of hills; that he
did, after this agreement was made, and before the com-
mencement of this suit, at, &c. deliver to the plaintiff. at his
store, &c. all the hops raised by the defendant on his said
farm, after making the said agreement, which the defendant,
then and there received upon the said agreement, and con-
cluding with a verification, and praying judgment. 3. Set-
ting forth the agreement of the 15th of *April*, 1819, as in
the second plea, and payment of all that was due on the
bond up to that date, and averring that the bond mentioned
in the said agreement, and the bond declared upon, were
one and the same bond, concluding with a verification, and
praying judgment. The plaintiff *replied* to the second and
third pleas; but as the replications were admitted, on the
argument, to be bad, it is unnecessary to state them. There
was a demurrer to the replications, and joinder.

*Talcot,* in support of the demurrer, contended, that the
agreement relative to the hops amounted to a waiver or
release of the plaintiff's right to sue on the bond, until after
the expiration of the time specified in the agreement, with-
in which the defendant was to deliver the hops, two thirds
of the price of which was to be endorsed on the bond. By
that agreement, the defendant had five years within which
to deliver the hops.

A promise, before it is broken, may be released by parol,

though not afterwards. There is a difference between waiving the performance of a contract, before the day of performance arrives, and the release of a right of action already accrued. (*Bacon's Maxims*, 91. 17 *Johns. Rep.* 175. *Cro. Car.* 383. 12 *Mod.* 538. 2 *Day's Conn. Rep.* 138.) If the plaintiff is himself the cause of non-performance, he cannot insist upon the performance of the contract. A tender and refusal, though resting in parol, will dispense with the strict performance of a condition. And the time and mode of payment of a simple contract or a bond may be enlarged or varied by parol. Courts always lean against penalties and forfeitures; and though they do not now allow the plaintiff to recover the penalty of a bond, yet on the recovery of it may depend the costs to which the plaintiff might be entitled. Where a party cannot sue for the penalty he must resort to the condition. All the cases agree that where the second agreement is by deed, it may be pleaded in bar. (*Powell on Contracts*, 413. 416, 417. 5 *Viner*, 226. *Cond. Dc. Pl.* 2, 3, 4. 5 *Viner*, 253, 254. *Cond. Sc. Pl.* 8. 16. *Roll. Abr. Cond.* 448. *Cro. Eliz.* 755. *Brooke's Abr. Licence, Pl.* 18. *Keating* v. *Price*, 1 *Johns. Cases*, 22. *Fleming* v. *Gilbert*, 3 *Johns. Rep.* 528. *Warren* v. *Main*, 7 *Johns. Rep.* 476.)

Now, although on the face of the bond, the defendant was bound to pay money, yet, as by the subsequent agreement, the obligee consented to receive hops in lieu of money, he had no right of action, until the time allowed for the delivery of the hops had expired. (*Stedman* v. *Gouch*, 1 *Esp. N. P. Rep.* 5. *Dalton* v. *Solomson*, 3 *Bos. and Pull.* 582. *Ward* v. *Winship*, 12 *Mass. Rep.* 481.) The case of *Fitch & Buck* v. *Forman*, (14 *Johns. Rep.* 172.) is very analogous. There the defendant covenanted with the plaintiff, to do certain work, by a certain day, and one of the plaintiffs endorsed on the agreement, under his seal, a release of the defendant from the performance of the work at the day stipulated, and extending the time of performance to a further day: and it was held that this release or subsequent agreement, was a bar to any action on the original covenant, for a breach of the contract, by reason of a non-performance on the day

NEW-YORK,  first mentioned.    (*Freeman* v. *Adams*, 9 *Johns. Rep.* 115.)
May, 1821.  Where the contract has been varied by a subsequent agree-
CHANDLER    ment, evidence of a performance according to that agree-
v.          ment, will not support a declaration on the original con-
HERRICK.    tract.    (*Phillips* v. *Rose*, 8 *Johns. Rep.* 392.)    Here both
            the mode and time of payment have been changed, and
            the plaintiff should not have declared in debt for the penal-
            ty of the bond.

   *Sill*, contra.    If the agreement relative to the hops is any
bar to this action, it must be either on the ground of its being
substituted in place of the original contract, or because it has
enlarged the time for performing that contract.    But to con-
stitute a substitution, or *novation*, the new contract must not
only be co-extensive with the original contract, but must
be expressly accepted in lieu, or in satisfaction, of it.
(1 *Com. Dig. Accord.* C.    3 *East*, 257.    4 *Bac. Abr. Re-
lease. Cro. Eliz.* 720.    1 *Vin. Abr. Accord*, *pl.* 37. 40.
1 *Dallas*, 420.    2 *Term Rep.* 24.    *Pothier on Oblig.* by
*Evans*, 385, 386, 387. n. 559.)
   The only question, in this case, is, whether this agree-
ment does, in fact, extend the time of performance of the
condition of the bond.    It is not expressly said, that the
time shall be extended; it is left entirely to inference and
implication.    But this cannot be done by implication or in-
ference.    The time of performance of a bond or covenant
can be enlarged only by an express covenant under seal.
If the intention is at all to be regarded, it is to be inferred,
that they did not intend to enlarge the time; for there is
nothing in the agreement that made it obligatory on the de-
fendant to cultivate or raise the hops.
   Again; can a subsequent agreement, on the part of the
obligee, be set up in bar to an action on a prior bond, where
there has been no breach of that agreement?    It is not
alleged, or pretended, that there has been a breach of the
agreement on the part of the plaintiff.    An express cove-
nant not to sue before a certain day, is no release, but a
mere covenant, and cannot be pleaded in bar; though it
may postpone the action.    (*Deux* v. *Jefferies*, *Cro. Eliz.*

352. 1 *Shower*, 43.) The cases which have been cited by the defendant's counsel, are clearly distinguishable from the present. It is begging the question, to say, that the new agreement hindered the defendant from performing the condition of the bond. The doctrine of tender and refusal has no application.

*Talcot*, in reply, said, that it was sufficient for the defendant, if the agreement enlarged the time of the performance of the condition of the bond. By this agreement, the plaintiff engages to accept the hops, and to endorse the price of a certain portion of them, every year, on the bond, during the term of five years, until it was paid. It could not, surely, be the meaning of the parties, that the plaintiff might, in the mean time, sue and recover on the bond. He might have his action on the agreement. (9 *Mass. Rep.* 538.)

SPENCER, Ch. J. delivered the opinion of the Court. The only inquiry in this case, is, whether the pleas, or either of them, are sustainable. The replications are admitted to be bad. The first question is, whether the agreement of the 15th of *April*, 1819, extended the time of payment as stipulated in the condition of the bond; and, if so, whether such agreement can be pleaded in bar. The only thing said about the bond now in suit, in the agreement, is, that two-thirds of the value of the hops delivered in any one year, should be endorsed on the bond, until the same was paid. It is mere matter of inference, that the plaintiff was to forbear suing on the bond, during the five years within which the defendant was to deliver the plaintiff the hops, raised by him on a certain farm mentioned in the agreement. It is by no means a necessary or certain inference, that such was the intention of the parties; and as the parties have not stipulated that the plaintiff should forbear to sue on his bond, as the payments became due, I do not know what right we have to say, that such was their agreement. According to the Civil Law, the intention to make a *novation* should be positively declared, without which there can be no *novation*. *Pothier* says, that in the jurisprudence of *France*, this prin-

NEW-YORK, ciple has not been adopted in so literal a manner as to re-
May, 1821. quire, that the creditor should always declare, in precise
JOHNSON and formal terms, that he intends to make a *novation ;* it is
v. sufficient that his intention, in whatever manner expressed,
DAVERNE. should be so evident as not to admit of doubt ; and that un-
less the intention evidently appears, a *novation* is not to be
presumed. (1 *Evans' Pothier,* 385, 386.) If, however, it
were to be admitted, that the plaintiff agreed not to sue for
his debt within five years, the term within which the defend-
ant was to deliver his hops to the plaintiff, it could have no
effect in this case. It is well settled, that a covenant never
to sue an obligor, may be pleaded as a release, to avoid cir-
cuity of action ; but a covenant not to sue the obligor for a
given time, does not amount to a defeasance, and cannot be
pleaded as such, but is a covenant only, for the breach of
which the obligor may bring his action. (2 *Saund.* 48. a.
note 1. and the cases there cited.) The utmost that can
be made of the agreement, if we infer that it was the inten-
tion of the parties that the plaintiff should receive payment
of the bond in hops, at the price stated, is, that in the mean
time the plaintiff would not sue on the bond. The princi-
ple, then, directly applies, that such a covenant cannot be
set up in bar of a suit, even in violation of the agreement.

Judgment for the plaintiff.