Curia, per Savage, Ch. J.
The principle which governs this case has been settled in this court, as well as in the English courts. In the case of Harrison v. Close & Wilcox, (2 John. 448,) the action was brought on a note for $71. The defendant Close gave Wilcox $21 55, which he paid the plaintiff; and the plaintiff then agreed to collect the balance of Wilcox. Spencer, justice, who delivered the opinion of the court, says, an agreement, never to sue a sole debtor, made on a valid consideration, or a covenant not to sue, has been justly held to operate as a release, to avoid circuity of action. [1] But where there are two obligors or promissors, a covenant not to sue one of them, so far from releasing the demand, has been repeatedly held hot to protect the other obligor, and that then its operation is as a covenant. .(2 Saund. 48, note a and cases there cited.) [2]
Rowley v. Stoddard impleaded with Stoddard, (7 John. *40 207,) was an action on a judgment in Vermont; and by the record it appeared the judgment Was rendered on a note signed by the. two Stoddards for" $200. Óñ the trial it appeared that an agent of the elder Stoddard settled with the plaintiff, and paid $100 on account of1 the elder S'tbddard only. The plaintiff gave him a receipt in full of all demands. It was agreed that the suit should proceed for the' purpose of selling certain property which had' been attached. The younger Stoddard then agreed to pay one half. Thompson," justice, delivered the opinion of the court, and says, it is a well settled rule, that a release to one of several obligors, whether bound jointly, or jointly and severally, discharges'the others; but that a covenant not to sue one does Hot amount tó a félease. A technical release under seal is. necessary to be given to one of severa debtors, in order that the others may avail themselves oi it as a discharge..[1]
These two decisions embrace the whole question now before us. The batik agree with Reynolds, not to she him. They do not release him technically; nor do they technically covenant with him. The agreement, though in writing, is not under seal. . They do enter into a written *41 contract with him, that if he secures thé paymént of $500, they will prosecute the other defendants, and in case of recovery, they will return to him his $500. If they do not receive the whole, ha is to receive his proportion. But all this is no defence to those who are sued. A technical release to one is a bar as to all others, because it is an admission by the creditor that his debt is paid. An agreement or covenant not to sue one of several joint debtors, contains no such admission, but the Contrary, No injury is done to the defendants. If this is a case in which contribution should be made, the agreement, in question cannot defeat it. It is not in the power of the. creditor to alter the law between joint debtors. If the bank chooses to give the whole debt to one of the defendants, that is nú concern df the defendants who are arrested, nor does it change the liability of the favored debtor.
The cases cited by the defendants’ cdunstel in relation to sureties, have no bearing on this case. There is nothing in the case to show.that any of these defendants aré either principals or sureties, and if there was, there is no agreement to give time to the principal to the prejudice Of the surety ; nothing to prevent the sübstitütion of the surety in the place of the creditor against the principal debtor. All the defendants áre makers of the bote, and for áüght that appears# all equally interested.
Judgment for thé plaintiffs.

 Jackson v. Stackhouse, 1 Cow. 122. Per Marcy, J. in Winans v. Huston, 6 Wen. 474. Chandler v. Herrick, 19 John. 129.

 Frink v. Green, 5 Barb. S. C. Rep. 455. Hosack v. Rogers, 8 Page, 229. S. C. 18 Wen. 319. Hutton v. Evre, 6 Taunt. 289: 1 Marsh. 603. Dean v. Newhall, 8 T. R. 168.

 De Leng v. Bailey, 9 Wen. 336. Frink v. Green, 5 Barb. S. C. Rep 455. But where the release to one joint debtot is given with the eonsent of the other, it does not discharge the debt; Rogers v. Hosack’s ex’rs, 18 Wen. 319. Bank of Chenango v. Osgood, 4 Wen. 607.
In New York, by art aet passed in April, 1838, entitled (i an hot for the relief of partners and joint debtors,” one partner may «take a Separate domposi-' tion with the creditors of the partnership, after its dissolution, for which he must take a release in writing, nor will such compromise, and release, discharge the other partners; and this act extends equally to joint debtors.'' See Revised Statutes, 4th ed. 176, 177, § 25 to 29. 'But unless the release be absolute in its terrtís, and teférs to this act, it Will be Construed with reference to the common law, and regarded as a discharge to all tlie joint covenantors. Hoffman v. Dunlop, 1 Barb. S. C. Rep. 185. Bank Of Poughkeepsie v. Ibbotson, 5 Hill, 460
Where the defendant and one M. N. gave the plaintiff their joint and several promissory note, to secure a separate debt due fi'oili each of them, the plaintiff afterwards executed a deed of reléase to' M. N. Held, that although the release discharged both, it did hot enuré tó the' discharge of the separate debt of the defendant, Mt that the’ plaintiff might reótivét ori art account stated. Cocks v. Nash, 4 M. & Scott, 162.