DAVID P. MOREHOUSE, as Receiver, etc., Respondent, *v.* THE SECOND NATIONAL BANK OF OSWEGO, Appellant.

In an action under the United States Revised Statutes (§ 5198) against a national bank to recover twice the amount of usurious interest alleged to have been taken on loans made by it to one McR., the defendant proved

an oral agreement between it and McR., whereby the latter agreed to settle and discharge all such claims against defendant, that the same be applied in payment of that part of his indebtedness to the bank not collected by it from any other source, and that he would not sue or allow suit to be brought against the bank on account of such illegal interest. In consideration thereof the bank agreed that it would satisfy so much of the indebtedness of McR., as remained after applying all other available collections, or would consent as a creditor to his discharge in bankruptcy, as he might request. At the time of the agreement, McR. was indebted to defendant in a large amount, and after applying all collections there remained due a sum much larger than the excessive interest, none of which indebtedness has been paid. *Held*, that these facts made out a good defense; that the agreement operated as an immediate discharge and satisfaction of the claim of McR. against defendant, and the law made the application agreed upon without further act of the parties.

Also *held*, the fact that the defendant, subsequent to the agreement, took steps inconsistent therewith did not affect its legal operation.

An agreement for the extinguishment of a cause of action held by one of the parties against the other, although executory, if it appears expressly or by implication that it was accepted in satisfaction, has that effect, and the cause of action is merged and extinguished.

So also if one having a debt or claim against another satisfies or releases it in consideration of an executory promise by the other, he cannot enforce the original cause of action upon a mere failure of the other to perform.

*Morehouse* v, *Second Nat. Bk.* (30 Hun, 628) reversed,

(Argued March 6, 1885; decided March 24, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made October 19, 1883, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 30 Hun, 628.)

This action was brought by the plaintiff as receiver of one McRae, appointed in proceedings supplementary to execution, to recover, under the provisions of section 5198 of the Revised Statutes of the United States, twice the amount of excessive interest alleged to have been taken and received by the defendant from McRae, prior to November 1, 1876, on loans and discounts made by the bank to and for McRae, the amount of which excessive interest, as found by the referee, was $946.75.

The defendant, among other things, set up in his answer as a defense, an alleged agreement between McRae, and the bank, made on or about November 1, 1876. This agreement was found by the referee as follows: "that on or about the first day of November, 1876, an oral agreement was made between McRae and the president and vice-president of the defendant, for and on behalf of the bank, whereby McRae agreed to settle and discharge all claims and causes of action in his favor against the bank, for or on account of McRae, having paid more than seven per cent, upon loans and discounts, and that all such matters be applied in payment of that part of his indebtedness to the bank, not collected by the bank from any other source, and that he would not sue or allow any other suit to be brought against the bank for or on account of such illegal interest paid to the bank, and in consideration thereof the said officers of the bank, for and in behalf of the bank, agreed that the bank would satisfy so much of the indebtedness of McRae to the bank as remained after applying all other collections available to the bank, or would consent as a creditor to his discharge in bankruptcy, as McRae might request." When this agreement was made McRae was indebted to the bank for loans and discounts to a large amount, and on the 26th day of June, 1879, after applying all collections made by the bank, there was then due from McRae on the indebtedness existing November 1, 1876, without taking into account the excessive interest paid, the sum of $7,847.73, no part of which has since been paid. McRae became insolvent in 1876.

The referee overruled the defense stated and directed judgment for the plaintiff for $1,893.50, double the amount of the unlawful interest.

Other facts are stated in the opinion.

*S. C. Huntington* for appellant. The proofs did not specify, give the contents of, or identify with sufficient certainty any note or draft or paper (except the seven proved by defendant, which had never been paid), to entitle plaintiff to a recovery. (*Smith* v. *Exchange Bk.*, 26 Ohio, 141; Thompson's Nat'l

Bk. Cases, 836.) The balance of $7,847.43, due defendant, was and should have been allowed as a legal counter-claim and defense against the said $946.75 excessive interest so found to have been charged, reserved and retained, because the action, though nominally for penalties, was in law founded upon an implied contract. (R. S. U. S. [2d ed.], 1878, §§ 5197, 5198; *People* v. *Bennett*, 5 Abb. 384; 6 id. 343.) The said balance of $7,847.43, which defendant insists is a counter-claim and defense, arose out of the same transaction set forth in the complaint. (*Seligman* v. *Dudley*, 14 Hun, 186; *Moody* v. *Moody*, 16 id. 189; *Carpenter* v. *Manhattan L. F. Ins. Co.*, 22 id. 49; *Thompson* v. *Kessell*, 30 N. Y. 389; *Isham* v. *Davidson*, 51 id. 240; *Shipman* v. *Lansing*, 25 Hun, 290; *Smith* v. *Felton*, 43 N. Y. 419; *Smith* v. *Fox*, 48 id. 674; *O'Brien* v. *Gamiss*, 25 Hun, 446; Code of Civil Pro., § 507; *Lucas* v. *Gov. Nat. Bk. of Penn.*, 78 Penn. 228; Thompson's Nat. Bk. Cases, 872; 21 Am. Rep. 17; *Nat. Bk.* v. *Lewis*, 75 N. Y. 516; *Nat. Bk.* v. *Davis*, Thomp. Nat. Bk. Cases, 350.) The evident intention of the parties making this contract as to the application of the extra interest must control. (*Getman* v. *Second Nat. Bk.*, 12 Weekly Dig. 557; 14 id. 352; *Farmers', etc., Nat. Bk.* v. *Dearing*, 91 U. S. [1 Otto] 29.) The promises were mutual and one was a consideration for the other. (1 Chitty on Cont. [11th ed.] 72, 73, 74; *Briggs* v. *Tillotson*, 8 Johns. 304; *Ormes* v. *Dauchy*, 82 N. Y. 443; *Wellington* v. *Kelley*, 84 id. 543; *Coleman* v. *Eyre*, 45 id. 39; *Lohman* v. *N. Y. & E. R. R. Co.*, 2 Sandf. 39; *Litchfield* v. *Johnson*, 1 Sweeney, 459; *Barton* v. *McLean*, 5 Hill, 256; *Palmer* v. *Worth*, 35 Barb. 282; *Pepper* v. *Haight*, 20 id. 429.) No recovery can be had on the ground of excessive interest without clear and positive proof that payment was made, nor without a certain and definite finding in the report that such payment had been made. (*Smith* v. *Exchange Bk.*, 26 Ohio, 141; *Farmers' Nat. Bk.* v. *Dearing*, 91 U. S. [1 Otto] 29; *Bd. of Education* v. *Fonda*, 77 N. Y. 35; *Feldman* v. *Beir*, 78 id. 293.) The allowance as for the payment of extra interest upon said unpaid renewed notes, as if the same had been proved

paid, was illegal. (*Jagger Iron Co.* v. *Walker*, 76 N. Y. 521; *Parrott* v. *Colby*, 6 Hun, 55; *Hill* v. *Beebe*, 13 N. Y. 556; 71 id. 597; *Bank of Cadiz* v. *Slemmons*, 34 Ohio St. 142; *Oberholt* v. *Nat. Bk.*, 82 Penn. St. 490; *Nat. Bk.* v. *Lewis*, 75 N. Y. 516.) Nothing can be presumed, but the plaintiff in an action for penalties is held to strict proof to entitle him to a recovery. (*Tiffany* v. *Nat. Bk. of Missouri*, 18 Wall. [U. S.] 409; *Farmers' Nat. Bk.* v. *Dearing*, 91 U. S. [1 Otto] 29.) The court will never apply an unappropriated payment, where there are both legal, just and equitable claims due upon which it could, and in justice and equity should be applied upon an unjust, illegal and inequitable claim. (*Heufstater* v. *Hayes*, 64 Barb. 573; *Bartholemew* v. *Yaw*, 9 Paige, 165; *Jones* v. *Benedict*, 83 N. Y. 79; 2 Greenl. on Ev. [13th ed.], § 533, note 3488; *Roham* v. *Hanson*, 11 Cush. [Mass.] 44; *Bancroft* v. *Dumas*, 12 Vt. 457; *Seymour* v. *Marvin*, 11 Barb. 90; *Backman* v. *Wright*, 1 Williams [Vt.], 187; *Caldwell* v. *Wentworth*, 14 N. H. 437; *Wright* v. *Laing*, 3 Barn. & Cres. 165; 10 Eng. C. L. R. 83; *McDonald* v. *B. C. Co.*, 5 Mason, 11; *Gass* v. *Stinson*, 3 Sumner, 99; *Ayer* v. *Hawkins*, 19 Vt. 26.) When payments are made upon usurious security, they will first be applied to the payment of the principal and interest. (*Bartholemew* v. *Yaw*, 9 Paige, 165; *Parchman* v. *McKinney*, 12 Sm. & M. 631; *Stanley* v. *Wistrop*, 16 Tex. 200; *Gill* v. *Rice*, 13 Wisc. 549; *Smith* v. *Croper*, 9 Iowa, 376; *Solomon* v. *Dischler*, 4 Minn. 278; *Burrows* v. *Cook*, 17 Iowa, 436.) The right of the creditor to make application of payment is confined to legal valid claims, such as can be enforced. (*Hall* v. *Clement*, 41 N. H. 166; *Green* v. *Tyler*, 3 Wright, 361; *Kidder* v. *Norris*, 18 N. H. 532.) The mere making of the agreement effected its execution *in præsenti*. (*Davis* v. *Spencer*, 24 N. Y. 386; *Hartley* v. *Latham*, 2 Abb. Ct. of App. Dec. 333; *Butts* v. *Perkins*, 41 Barb. 509; 48 N. Y. 675; *Van Etten* v. *Trodden*, 67 Barb. 342; *Pratt* v. *Foote*, 9 N. Y. 463; *Fuller* v. *Conde*, 47 id. 89; *Therasson* v. *Peterson*, 4 Abb. Ct. App. Dec. 396; *Rundlett* v. *Small*, 25 Me. 29; *Codman* v. *Arm-*

*strong*, 28 id. 90; *Miller* v. *Montgomery*, 31 Ill. 350; *Tomlinson- Co.* v. *Kinsella*, 21 Conn. 268; *Chancellor* v. *Scott*, 11 Harris [Penn.], 68.) The only remedy left McRae on account of the payment of said extra interest sought to be recovered in this action was, and must be, the legal enforcement of the conditions of said agreement as against the Second National Bank. (2 Chitty on Cont. [11th ed.] 1146.) As the debt or obligation to repay McRae twice the amount by him to defendant paid as extra interest was not evidenced in writing under seal, it could be, as it was, released by said parol engagement. (*Foster* v. *Purdy*, 5 Metc. [Mass.] 442; *Warren* v. *Walker*, 23 Me. 458; *Chandler* v. *Herrick*, 19 Johns. 129; *Perkins* v. *Gilman*, 8 Pick. 229; *Winans* v. *Huston*, 6 Wend. 475; *Kirby* v. *Taylor*, 6 Johns. Ch. 242; Story on Cont. [5th ed.], § 1391, note 5; 2 Pars. on Cont. [6th ed.], § 6; 1 Add. on Cont. [Am. ed. by Morgan], § 370.)

*B. B. Burt* for respondent. The rule of law, in the absence of an agreement or application otherwise, is that the payment must first be applied to extinguish the interest and the balance to apply on the principal. (*Nat. Bk.* v. *Lewis*, 81 N. Y. 20.) The law also applies payments on claims in the order of their maturity, where no other agreement or application is made. (*Dows* v. *Morewood*, 10 Barb. 183; *Wheeler* v. *Cropsey*, 5 How. Pr. 288; *Hunter* v. *Osterhout*, 11 Barb. 33; *Allen* v. *Culver*, 3 Denio, 284; *Webb* v. *Dickenson*, 11 Wend. 62; 2 Pars. on Cont. [5th ed.] 629–635.) The balance of the claim of defendant against McRae cannot be set off and allowed as a counter-claim against the claims of the plaintiff for the penalties. (*Auburn* v. *Lewis*, 81 N. Y. 15; 8 Otto [U. S.], 555.)

ANDREWS, J. The agreement of November 1, 1876, was, we think, a good defense to the action. The General Term sustained the finding of the referee, upon the ground that the agreement, when made, was executory, that there was no subsequent execution of its provisions, and that the case was within the general principle that an accord without

satisfaction is no bar to a suit upon the original cause of action. It is not, however, universally true that a cause of action on contract, or for tort, may not be extinguished by an agreement between the parties, although the agreement which is the consideration for the satisfaction is executory. If the subsequent agreement is accepted in satisfaction, and this appears expressly or by implication, the original cause of action is merged and extinguished. (*Kromer* v. *Heim*, 75 N. Y. 574, and cases cited.) It is plain also, that if one having a debt or claim against another satisfies or releases it in consideration of an executory promise by the party owing the debt or duty, he cannot afterward enforce his original cause of action upon a mere failure by the other party to perform his promise, "for he has a remedy to compel performance." The agreement found by the referee from its very nature, operated as an immediate discharge and satisfaction of the claim of McRae against the bank. The mutual promises of the parties were not dependent, so as to render the discharge of the claim of McRae conditional upon full performance by the bank of its promise. He agreed to settle and discharge his claim against the bank, and to apply the same in payment *pro tanto* of his indebtedness, and further that he would not sue, or permit any suit to be brought against the bank thereon. The bank, on its part, agreed in substance to make the application, and also to satisfy the remaining indebtedness, or consent to McRae's discharge in bankruptcy as he should elect. The agreement to set off the mutual debts became executed *eo instanti*. This point was expressly adjudged in *Davis* v. *Spencer* (24 N. Y. 386). The law, acting upon the agreement itself, made the application without further act of the parties. It is true that the exact amounts of the mutual debts do not appear to have been ascertained at the time, but they were capable of ascertainment. In *Davis* v. *Spencer*, the account on one side was, as may be inferred, unliquidated, but this did not stand in the way of the application of the principle decided. The agreement not to sue, or to permit suit to be brought, also operated as a present release and discharge of McRae's

cause of action. (*Chandler* v. *Herrick*, 19 Johns. 129; Addison on Cont. 270.) The agreement was not a technical release, but it operated as such, and the fact that it was not under seal, or was oral, does not affect the application of the principle. (*Foster* v. *Purdy*, 5 Metc. 442; *Davis* v. *Spencer*, *supra*; *Farmers' Bank* v. *Blair*, 44 Barb. 641.) The only part of the agreement which was executory was the undertaking on the part of the defendant to satisfy the remaining indebtedness of McRae, or to consent to his discharge in bankruptcy at his option. The performance of this part of the agreement depended upon a prior request or election of McRae. If the bank on request should refuse performance, McRae has a remedy in an action for damages, or he can await proceedings by the bank to enforce the balance of the debt, and defend himself under the agreement. But his original claim against the bank was merged and satisfied. The claim that the bank took proceedings subsequent to the agreement, inconsistent with it, is irrelevant here, assuming that it is well founded. It was a proper matter for the consideration of the referee, bearing upon the point whether the agreement claimed by the defendant was made; but the agreement being established, its violation by the defendant would not affect its legal operation. There is no ground for saying that the agreement was released or discharged, or in any way became inoperative. We are of opinion that upon the agreement found, the defendant was entitled to judgment. This renders it unnecessary to consider the other questions.

The judgment should be reversed.

All concur, except RUGER, Ch. J., not voting.

Judgment reversed.