WILLIAM McCREEVY *et al.* Appellants, *v.* MELVILLE C. DAY *et al.*, Respondent.

*N. Y. Supreme Court, First Department, General Term, May 12, 1889.*

1. *Contract. When superseded.*—An agreement made in place of, and with a view to supersede, a prior contract, will, in the absence of fraud or mutual mistake, annul the latter, and no action can be maintained upon it.
2. *Same. Consideration.* No new consideration is necessary in the mere annulling of a written agreement.

Appeal from a judgment in favor of the defendants entered pursuant to an order granted upon their motion for judgment on the pleadings.

*J. W. Hawes*, for appellants.

*John F. Dillon*, for respondents.

MACOMBER, J.—The agreement, for the breach of which this action is brought, was entered into, in writing, between the plaintiffs, as parties of the first part, one C. H. Andrews, party of the second part, and C. K. Garrison, the defendant's testator, as party of the third part. By its terms, the plaintiffs sold to Garrison a one-fourth interest in the contract for the construction of the railroad of the Pittsburg, Youngstown and Chicago Railroad Company, running from Pittsburg to Akron, a distance of one hundred and twenty miles, and agreed to turn over to Garrison a one-fourth part of all cash, bonds and stock which should be received from that railroad company, in payment for the work done under the construction contract. Mr. Garrison agreed to pay the plaintiffs for work, already done and materials furnished, and rights acquired, up to the date of the contract, the sum of one hundred and fifty thousand dollars, and pay them

from time to time thereafter, one-fourth of the amounts expended by them in the further construction of the road under the contract.

This action is brought to recover the one-fourth part of moneys expended by the plaintiffs after March 2, 1882, 'in carrying out their contract with the Pittsburg, Youngstown and Chicago Railroad Company, and also to recover interest during the time Garrison delayed payment of the sum of $150,000.

That part of the road running from Newcastle Junction, through Youngstown to Akron, a distance of eighty miles, was the first to be, and it was, in fact, constructed. The case, however, does not show positively whether or not that strip of forty miles, between Newcastle Junction and Pittsburg, was actually constructed, but inferentially it appears that it was not.

On the 13th day of April, 1882, the plaintiffs and said C. H. Andrews, executed an agreement with the Pittsburg and Western Railroad Company, in which they speak of themselves as the owners of the Pittsburg, Youngstown and Chicago Railroad, from Newcastle Junction to Akron, but make no mention of the originally projected railway between Pittsburg and Newcastle Junction. By this latter agreement the plaintiffs, and C. H. Andrews, agreed to sell to the Pittsburg and Western Railroad Company a one-fourth interest in the Pittsburg, Youngstown and Chicago railroad, as described, between Newcastle Junction and Akron, for one hundred and fifty thousand dollars, those persons agreeing to pay for all expenditures for work done or materials furnished up to that date.

There are many other details in this agreement, by way of recitals and otherwise, which are not necessary to be stated further than to say, that the Pittsburg, Youngstown and Chicago Railroad Company was to abandon the further construction of the projected railroad between the said towns of Newcastle Junction and Akron, for the building of which

railroad between those points, the Pittsburg, Cleveland and Toledo Railroad Company was created.

On the 6th day of November, 1882. the defendant's testator wrote to the plaintiffs and to C. H. Andrews, a letter, acknowledging the receipt of the papers designed for the completion of the road from Akron to Newcastle Junction by the Pittsburg and Western railroad, consenting to sign them, but only on the understanding and condition "that I am not to pay any more money than Mr. Humphrey's company "(the Pittsburg and Western)," pays, as provided in the agreement you made with him April 13th. that is, $150,000 and one-fourth of the cost of the road to Newcastle Junction, after that date." Being content that his line of railroad which ran from Wheeling through Pike to Toledo, should have, by this new arrangement, a connection with the line that ran to Pittsburg, Garrison, in the same letter, asserted that he had given up the agreement of the 2d of March, above mentioned, and declared that he no longer desired any interest in the railroad from Newcastle Junction to Pittsburg.

Afterwards, and in complaince with the terms of that letter, the plaintiffs, with the said C. H. Andrews and the defendant's testator, caused an agreement to be endorsed on the contract of March 2, 1882, as follows : "It is agreed by the parties hereto that the within contract is annulled and of no further effect, the same having been superseded by the agreement and arrangement made in lieu thereof, as embodied in the letter of C. K. Garrison, by George J. Forsyth, his attorney, addressed to W. C. Andrews and others, dated November 6, 1882, and by a certain agreement made between C. H. Andrews, W. C. Andrews, W. M'Creery, James Gallerey, Solomon Humphries and C. K. Garrison, all bearing date October 25, 1882." This writing was signed by all the parties.

The agreement mentioned, as of October 25, 1882, appears to have been fully carried out by the parties.

In the absence of allegations of fraud or mutual mistake, the execution of the endorsement on the contract, for the breach of which this action is brought, absolutely annulled the contract sued on. It was, as the facts show, superseded by the agreements and arrangements made in the place of it.

The denial, in the reply, that the endorsement was made it compliance with Garrison's letter, does not raise any issue, for the reason that the reply admits the due execution of the endorsement, and specifically refers to the letter, as being one of the inducements to enter into the agreement abrogating the contract of March 2, 1882. It is urged, however, upon our attention, in behalf of the appellants, that there was no consideration for the indorsement upon the original contract, annulling it. It is not necessary to show any new consideration in the mere annulling of a written agreement. The consideration of the agreement itself, was the mutual performance of acts by the respective parties thereto ; and the agreement to release each party from the obligation thereof, necessarily carries with it a sufficient consideration, in that the party so consenting is himself absolved from the performance of that part of the agreement which he would otherwise be required to fulfill. The consideration is mutual.

Each party is precluded from raising any question of practice, arising upon the printed record, and the case consequently must be regarded as though an application had been made by the defendant at the trial, for a judgment upon the pleadings.

The judgment should be affirmed, with costs.

VAN BRUNT, Ch. J., and BARTLETT, J., concur.