## HEPKE *v.* SCHMALHOLZ.

### *(City Court of New York, General Term.* October 3, 1889.)

SALE—DELIVERY.

. Where plaintiff agreed to deliver certain vehicles to defendant "at his stable," defendant to pay a certain amount, deposited with his attorney, "when the plaintiff has complied with the foregoing condition," tender of delivery at the place specified is a condition precedent, and a tender of the vehicles in front of the office of defendant's attorney will not entitle plaintiff to recover.

Appeal from trial term.
Argued before McADAM, C. J., and McGOWN, J.
*D. Leventritt*, for appellant. *John Fennell*, for respondent.

PER CURIAM. The action was to recover for repairing a butcher's cart and truck, and for the price of a wagon sold to the defendant. The defense relied upon an agreement, made after suit brought, in these words: "Whereas, the plaintiff has in his possession in the state of New Jersey a buggy and a cart, belonging to the defendant, which were taken for the purposes of repairing and overhauling; and whereas, the defendant desires to have same returned, and both parties are anxious to compose their differences,—they hereby stipulate as follows: The plaintiff agrees to deliver to the defendant at his stable, in New York city, on or before May 31, 1888, the said buggy and cart in good order, thoroughly overhauled and repaired as agreed upon, with the exception that they are not to be painted; the buggy to have a new set of wheels, as per agreement. When the plaintiff has complied with the foregoing condition, the defendant agrees to pay the plaintiff, in full satisfaction and discharge of all claims against the defendant, including the repairs to the said buggy and cart, as well as the claim in suit, the sum of three hundred and sixty dollars, which amount the defendant has deposited with his attorney for that purpose. Upon payment of the said three hundred and sixty dollars, the plaintiff is to give receipt in full of all claims and demands to date, and to stipulate in writing that this action be discontinued, without costs. Dated May 28, 1888." The agreement was pleaded by way of supplemental answer, interposed by leave of the court. The plaintiff, under this contract, brought the wagons from New Jersey to New York, and placed them in front of the

office of the defendant's attorney, on Broadway. They told him he must take them to the defendant's stable, on Third avenue, according to the agreement, and they would pay the money. The plaintiff distrusted the defendant, and was unwilling to, and did not, take the property to his stable. After the so-called tender of the vehicles in front of the defendant's attorney's office, the plaintiff took the property back to his place in New Jersey. The question presented is whether the plaintiff complied with his agreement.

The contract is specific that the property "is to be delivered to the defendant at his stable, in New York city, on or before May 31, 1888." This is made a condition precedent. The language is plain and unambiguous, and needs no interpretation other than to give the words their plain and obvious meaning. Story, Cont. § 639. Where a place for delivering goods is specified in the contract, they must be delivered at that place, and the vendee is under no obligation to accept or pay for them at another. Delivery and payment were to be concurrent acts. The plaintiff was under no obligation to deliver the property without his money. He was not obliged to relinquish his lien, and might have retained possession of the property until the lien was discharged. He was bound to tender delivery, however, "at the place appointed," before he could put the defendant in default. If he had tendered delivery there, and the defendant had refused to accept delivery, or had failed to tender payment, the plaintiff might have retained possession of his property; tender of performance being, in that case, equivalent to performance. But the difficulty is he never tendered performance at "the place appointed," and the defendant was not put in default. The theory upon which the plaintiff recovered was that the defendant had failed to perform his part of the agreement. This was error. We cannot make contracts for parties, nor change those already made, to suit the proofs offered on the trial. They must be enforced as made, or not at all. We are merely to determine what rights the contracts they seek to enforce give them, and see that these rights are preserved. The plaintiff saw fit to make the agreement. It was his voluntary act. He failed to perform the conditions which were to entitle him to the $360 therein referred to, and in consequence failed to become entitled to that sum. The defendant had deposited the money with his attorneys, and they had orally agreed that, if the plaintiff would make delivery of the wagons at the defendant's stable, they would pay him the $360. The plaintiff was not obliged to accept their promise, but he might have done so with safety. It is sufficient for us to decide that the plaintiff did not perform his agreement according to its letter or spirit, and that the verdict rendered in his favor was founded upon a mistaken notion of the plaintiff's legal rights. The case of Noe v. Christie, 51 N. Y. 270, relied on by the plaintiff, is inapplicable here. There the defendant, in compromise of a larger claim, agreed to pay a certain draft of $70, and the taxable costs of suit. The onus was on the defendant to prove that he made the payments. He proved that he had paid the draft and tendered the costs; but the court held that this was, at most, a simple, unexecuted accord, and was not a satisfaction. In the present instance, the defendant, by the agreement, was to pay nothing until the plaintiff first delivered, or at least tendered, the wagons, at the defendant's place of business. The plaintiff failed to prove compliance with this condition precedent, and in consequence failed to put the defendant in default. In Noe v. Christie the defendant failed to put the plaintiff in default. The distinction between the two cases is obvious. It follows that the judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event.