## CARSTENS *v.* SCHMALHOLZ.

*(Common Pleas of New York City and County, General Term.* February 10, 1890.)

ATTORNEY AND CLIENT—COMPROMISE BY ATTORNEYS.

A settlement made by the attorneys pending an action, with the consent of the parties, is valid, though it includes matters not embraced in the action.

Appeal from district court.

An action by Henry Carstens against Theodore Schmalholz. Judgment for plaintiff. Defendant appeals.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Freeman & Green,* for appellant. *J. Fennell,* for respondent.

BOOKSTAVER, J. The plaintiff sued, as assignee of one Hepke, to recover the value of work done by his assignor upon a buggy and cart belonging to defendant. Before this action was brought, Hepke sold defendant a wagon, and repaired carts for him, and, the bill being disputed, sued in the city court to recover the purchase price and value of these vehicles, but did not include in that action the work done upon the buggy and cart now sued on. While the action in the city court was pending, the attorneys for the parties, with their full knowledge and consent, made a written agreement, settling all their differences, including the cause of action now sued on. Hepke having ignored this written agreement, defendant, by leave of court, pleaded it by way of supplemental answer; and upon the issues thus raised a trial was had in the city court, where Hepke recovered a judgment, which was appealed from, and afterwards reversed. Whatever rights were conferred upon the plaintiff in this action by Hepke's assignment were subject to all the equities between the assignor and the defendant. *Ingraham* v. *Disborough,* 47 N. Y. 421. The agreement entered into by Hepke and the defendant, through their attorneys, not only settled the action in the city court, but also settled this cause of action as well. Therefore, if that agreement was a valid one, this action cannot be maintained. The respondent contends that it was not valid, because made by the attorneys, and not by the parties, and that they cannot bind their principals for anything outside of the matters then in suit in the city court. In this we think he is mistaken. The evidence is quite sufficient to show that, although the agreement was made by the attorneys, it was with the full knowledge and consent of the principals, given by them both before and after the agreement was executed, and that it was intended as a final settlement of all the matters in controversy in the action, and not of those then in suit only. Such an agreement we think a valid and binding one. All the causes of action covered by it are merged in that agreement, and all the rights of the parties must be determined by it. The agreement was not a stipulation to settle an action merely. It was a new contract, which settled the pending action, and all other differences of the parties, including the one now under consideration. An accord unperformed, consisting of mutual promises, and thus having a new consideration, is binding upon the parties; and an action will lie for the breach of it. 2 Pars. Cont. 195. Where mutual promises give a right of action, there is an accord and satisfaction; for an accord with mutual provisions to perform is good, though the thing be not performed at the time of the action, for the party has a remedy to compel performance. *Davis* v. *Spencer,* 24 N. Y. 386, 390. Where a new agreement has been accepted, the original cause of action is merged and extinguished. *Morehouse* v. *Bank,* 98 N. Y. 503–509. The law favors compromises, and will hold parties concluded by their agreement to compromise, when there is no fraud. *Vosburgh* v. *Teator,* 32 N. Y. 561; *Magee* v. *Badger,* 30 Barb. 246, 263; *Steele* v. *White,* 2 Paige, 478. That the claim in this action was in dispute was beyond controversy, and that the parties had other disputes is apparent from their agreement. They settled all their disputes,—those involved in, and those outside of, this

litigation. The plaintiff, on receipt of the sum named, was to fully satisfy and discharge all claims and demands. When, under such an agreement, an act precedent is to be done by plaintiff, he cannot have an advantage by his failure to perform. *Morehouse* v. *Bank, supra.* That the plaintiff did not comply with the condition precedent to his recovery we think undisputed, as shown by the opinion of the general term of the city court in *Hepke* v. *Schmalholz,* 7 N. Y. Supp. 67. We think, therefore, that neither the plaintiff nor his assignor can maintain this action against the defendant, and that the judgment should be reversed, with costs.