. LAWRENCE *et al. v.* CHURCH.

(*Supreme Court, General Term, Fifth Department.* January 24, 1891.)

COMPROMISE—CONSIDERATION—PLEADING—SUFFICIENCY OF COMPLAINT.

Defendant, being indebted to the estate of plaintiff's intestate on certain notes, agreed to pay all just claims against the estate, and $3,000 to plaintiff, and that thereupon a pending action against defendant on the notes should be discontinued, and the notes surrendered. The complaint, in an action to recover the money which defendant should have paid under the contract, alleged the pendency of the action on the notes, and the making of the contract. It then set out the various sums which defendant by the agreement was required to pay, and that he had been requested to pay them, and had refused. *Held,* that the complaint stated a cause of action; the agreement between plaintiff and defendant being founded on mutual promises.

Appeal from the special term, Allegany county.

Action by Roxanna H. Lawrence, individually and as executrix, and George Sherman, as the executor of the will of Judson W. Sherman, deceased, against Walter S. Church. A demurrer to the complaint was overruled, and from the order and interlocutory judgment defendant appeals. For former report, see 10 N. Y. Supp. 566.

Argued before DWIGHT, P. J. and MACOMBER and CORLETT, JJ.

*Richardson & Robbins,* for appellant. *J. H. & C. W. Stevens,* for respondents.

CORLETT, J. Judson W. Sherman died at Angelica, in the county of Allegany, on the 12th day of November, 1881, leaving a last will and testament,

by which he appointed the plaintiffs executrix and executor. The will was duly admitted to probate. The defendant, Walter S. Church, became indebted to the deceased in his life-time on promissory notes in a large amount, and at the time of the death of the testator there was unpaid upon the notes more than $11,000. The executrix and executor of the will brought an action against Church to recover the amount so remaining unpaid. While the action was pending, the following agreement was executed:

"Stipulated that Walter S. Church will pay all the debts allowed or legally established against the estate of the deceased, including the mortgage and liens on the real estate of said deceased, at the time of the death of said deceased. (2) That Walter S. Church, defendant as aforesaid, will pay to Roxanna Lawrence, aforesaid, the sum of three thousand dollars, in such manner as will be acceptable to her. (3) That said Walter S. Church shall have the benefit of the Thomas J. Chew, Jr., notes and mortgage now belonging to the estate, or the proceeds thereof, if any, after paying the expenses and commissions, such as are legal and proper in collecting said mortgage, and settling and administering upon the estate. The said Roxanna Lawrence to have the use, during her natural life, of the house and lot where she lives, according to the will; she to release to George and William Sherman her life-estate in the vacant lot, and said George and William to have the said house and lot subject to the life-estate of said Roxanna. When this is all done this action to be discontinued, and the notes surrendered.

"W. S. CHURCH.
"ROXANNA H. LAWRENCE,
"Administratrix of J. W. Sherman Estate."

The defendant failed to perform the conditions of the agreement, and this action was brought to recover the sum of $3,660, with interest, on account of moneys which should have been paid by the defendant under the contract. The complaint alleges the pendency of the action to recover the amount unpaid upon the notes; also the making of the contract. The complaint then sets out the various sums which by the agreement the defendant was under obligations to pay, which he had not paid, a request of payment and refusal, and judgment is demanded accordingly. The defendant demurred to the complaint upon various grounds, the first of which was "that the complaint does not state facts sufficient to constitute a cause of action;" the second and third, that causes of actions were improperly united; and the fourth, that there was a misjoinder of parties plaintiff, in this, to-wit: "That the plaintiff Roxanna H. Lawrence, as executrix, and George Sherman, as executor, of the last will and testament of Judson W. Sherman, deceased, have no interest in the alleged cause of action for three thousand dollars in favor of the plaintiff Roxanna H. Lawrence individually; also in this, to wit: That the plaintiff Roxanna H. Lawrence, individually, has no interest in the alleged cause of action for six hundred and sixty dollars in favor of the plaintiffs, Roxanna H. Lawrence and George Sherman, as executrix and executor of the last will and testament of Judson W. Sherman, deceased." The demurrer was overruled as to the first, second, and third grounds, and sustained as to the fourth, with costs to the defendant, with leave to the plaintiffs to amend. An opinion was written by the justice at special term, which appears in the case. The defendant appealed from that portion of the order and interlocutory judgment which overruled the demurrer on the first ground, so that the only question before the court is whether the complaint states a cause of action. That it does so is very clear. The agreement shows mutual promises, a good consideration. The following cases illustrate the rule: *Carstens* v. *Schmalholz,* 8 N. Y. Supp. 529, 530; *Davis* v. *Spencer,* 24 N. Y. 386–390; *Morehouse* v. *Bank,* 98 N. Y. 503; *Wahl* v. *Barnum,* 116 N. Y. 95, 96, 22 N. E. Rep. 280; *McCreery* v. *Day,* 6 N. Y. Supp. 49; *Kirtz* v. *Peck,* 113 N. Y. 222, 21 N. E. Rep. 130; *Deen* v. *Milne,* 113 N. Y. 303, 20 N. E. Rep. 861. The order and judgment appealed from must be affirmed. All concur.