THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Plaintiff, *v.* SOPHIE ROTH and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, First District,
January 29, 1934.

*Barton & Darling,* for the plaintiff.

*Eugene Frederick Roth [Maurice C. Rosenzweig* of counsel], for the defendants.

LEWIS, DAVID C., J.   In August, 1928, a judgment was entered in the Federal court upon the first bond for two alleged violations, one on June 10, 1928; the other on June 16, 1928.   And on the 17th of August, 1928, execution was issued on the said judgment against this plaintiff as the surety on the bond, and the sum of $528.25 was thereupon paid by this plaintiff in full satisfaction of the judgment.

It is for the recovery of that payment that this action is brought.

It is the defendant's story that upon the plaintiff's demand for reimbursement under the indemnity agreement, she denied there was a violation on June 10, 1928; and countered the plaintiff's demand for reimbursement with a claim on the second bond, contending that the only violation that occurred was on June 16, 1928; and that thereupon the parties agreed to consider each other

released from their respective claims, and, in the popular parlance, that they "call all bets off," and deem the matter adjusted and settled on that basis; that after coming to that understanding the parties acted upon it.

The jury credited the defendant's story and found in her favor. The question now is whether the court should disturb that finding.

Unless the evidence of the law warrants such act, the court cannot take it.

Upon reviewing the case, one is impressed with the plaintiff's letter of August 17, 1928. This letter tells us that when the plaintiff presented its demand for payment the defendant immediately pressed her claim for protection; that the plaintiff did not flatly repudiate its obligation as an indemnitor, but simply suggested compliance with certain preliminary steps against the principal for whom the plaintiff stood as surety.

Upon reflection the query crops up — why did not the plaintiff then and there insist that because of the alleged violation of June tenth there was no right of recourse resting with the defendant against the plaintiff on the second bond?

Can it be positively gainsaid that if the plaintiff had done so, the defendant would not then have sought to try out that issue in the Federal court, and either amend the decree, or secure other appropriate relief.

The defendant emphasizes the fact that it took no such steps; and that this plaintiff took no action against this defendant until two years and seven months afterwards, to wit, the commencement of this suit, March 26, 1931.

That it was only after it was too late to move in the Federal court, and after the time to make any claim on the bond had expired, and when the defendant must find herself high and dry, estopped in both directions, that the plaintiff commenced this suit.

This conduct, the defendant submits, is indicative of the adjustment and compromise.

Hence, even were the court to analyze the reasons or appraise the proofs that underly the jury's finding, it could not with certainty override their findings of fact.

Let us then turn to the law. Before the trial, judicial skepticism suggested doubt as to the *bona fides* of the defense of accord and satisfaction. The verdict of the jury has dissipated the doubt — the alleged facts have become actual facts.

No longer need the court ask whether the defendant had a good claim against the plaintiff. The test now is, did the defendant originally urge her claim in good faith? It is a question of good faith, not of a good case.

Stated in another way, one may ask, Does the plea of accord and satisfaction rest on an honest or fraudulent dispute? (*Rector v. Teed*, 120 N. Y. 583; *Wallach* v. *Manhattan Athletic Club*, 162 N. Y. Supp. 237.)

And hence to establish good faith, it is not necessary to establish the existence of a valid or enforcible cause of action. It is sufficient to establish that plausible grounds existed for a *bona fide* claim. (*Jackson* v. *Volkening*, 81 App. Div. 36, 38.)

It follows that where there is no fraud or misrepresentation — when the party acted honestly at the time of compromise — what may subsequently develop cannot indict the *bona fides* of the settlement.

The fact that the agreement of accord and satisfaction was constituted entirely of oral exchanges, and that its execution looked to acts of omission, left a lingering uncertainty in the mind of the court.

In other words, the understanding was that the plaintiff should not sue the defendant and the defendant should not sue the plaintiff; it required no affirmative act; its execution rested in the omission to do anything. Since the trial the influence of a well-recognized precedent quells this uncertainty of the court.

"The agreement to set off the mutual debts became executed *eo instanti*. This point was expressly judged in *Davis* v. *Spencer* (24 N. Y. 386). The law, acting upon the agreement itself, made the application without further act of the parties. * * * The agreement not to sue, or to permit suit to be brought, also operated as a present release and discharge of McRae's cause of action. (*Chandler* v. *Herrick*, 19 Johns. 129; Addison on Cont. 270.) The agreement was not a technical release, but it operated as such, and the fact that it was not under seal, or was oral, does not affect the application of the principle." (*Morehause* v. *Second Nat. Bank of Oswego*, 98 N. Y. 503, at pp. 509, 510.)

The court holds that it cannot disturb the verdict of the jury.

The motion to set it aside is denied. Ten days' stay after the service of a copy of a judgment and order, with notice of entry.